05-15-01345-CV

ACCEPTED
05-15-01345-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
11/4/2015 9:37:24 AM
LISA MATZ
CLERK

No._____

## IN THE
## COURT OF APPEALS FOR THE
## FIFTH DISTRICT OF TEXAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
11/4/2015 9:37:24 AM
LISA MATZ
Clerk

## IN RE: JOHN JEFFREY MCCAFFERTY, RELATOR

## PETITION FOR WRIT OF MANDAMUS
to the 254th Judicial District Court of Dallas County, Texas

### Cause No. 08-05932-R

LAW OFFICES OF FRANK SHOR
FRANK SHOR
State Bar No. 18294700
1620 E. Belt Line Road
Carrollton, Texas 75006
(972) 242-8887
(972) 446-7976 FAX
FrankShorLawFirm@gmail.com

Attorney for Relator

i

# IDENTITY OF PARTIES AND COUNSEL

Relator: John Jeffrey McCafferty, certifies that the following is a complete list of the names and addresses of all parties and their counsel.

**Relator's Lead Counsel:**

>Frank Shor
>State Bar No. 18294700
>Law Offices of Frank Shor
>1620 E Belt Line Rd.
>Carrollton, Texas 75006
>FrankShorlawfirm@gmail.com

**Respondent:**

>Hon. Susan Rankin
>Judge of the 254th Judicial District Court
>Dallas County, Texas
>George L. Allen Sr. Courts Building
>600 Commerce Street
>Dallas, Texas 75202

**Real Parties in Interest:**

>John Jeffrey McCafferty
>Mary Micheline McCafferty

**Attorney for Mary Micheline McCafferty:**

>Reagan K. Vernon
>State Bar No. 24081192
>Koons Fuller, P.C.
>1717 McKinney Avenue
>Suite 1500
>Dallas, Texas 75202
>Reagan@koonsfuller.com

# **RECORD REFERENCES**

Relator, John Jeffrey McCafferty, will refer to the Appendix by Exhibit and page number, as follows (Ex. [e*xhibit letter*], P. [*page number*]). By way example, if Relator is citing to page 4 of Exhibit D, the citation will be Ex. D, P. 4. As for the Reporter's Record, Relator will refer to it as "(RR [*page number*], Ln. [*line number(s)*])."

# TABLE OF CONTENTS

IDENTITY OF PARTIES and COUNSEL.................................................ii

RECORD REFERENCES.................................................................iii

TABLE OF CONTENTS...............................................................iv-v

TABLE OF AUTHORITIES..........................................................vi-vii

STATEMENT OF THE CASE..........................................................viii

STATEMENT OF JURISDICTION.......................................................ix

ISSUE PRESENTED....................................................................x

INTRODUCTION.......................................................................2

STATEMENT OF FACTS................................................................3

SUMMARY OF ARGUMENT............................................................7

I. The Trial Court Erred in Appointing a Receiver, Because:.........................7

    A. The Trial Court Lacked Authority to Enter the Order Appointing a
    Receiver (but abused its discretion if it had the power to rule)..................7

    B. Petitioner Failed to Present the Requisite Evidence to Support the
    Trial Court's Decision to Grant Petitioner's Request for an Appointment
    of a Receiver...................................................................10

II. There is No Adequate Remedy by Appeal........................................11

PRAYER............................................................................12

CERTIFICATION....................................................................13

CERTIFICATE OF COMPLIANCE....................................................13

CERTIFICATE OF SERVICE............................................13-14

APPENDIX...................................................15

# TABLE OF AUTHORITIES

*Bland Independent School District v. Blue*, 34 S.W.3d 547, 554 (Tex.2000)...........................................................................7

*Carl J. Battaglia, M.D., P.A. v. Alexander*, 177 S.W.3d 893, 907 (Tex. 2005)...........................................................................9

*Claxton v. (Upper) Lake Fork Water Control*, 220 S.W.3d 537, 541 (Tex. App.—Texarkana 2006, no pet.)...........................................................................6

*Cox v. Johnson*, 638 S.W.2d 867, 868 (Tex.1982) (per curiam)...........................7

*Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (Tex.Comm.App.—1939, opinion adopted)...........................................................................10

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)..10

*Everett v. Everett*, 421 S.W.3d 918, 921 (Tex. App.—El Paso 2014, no pet.)...........................................................................9

*Harrington v. Schuble*, 608 S.W.2d 253, 256 (Tex. Civ. App. 1980)...............8

*Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex.2004)...........................7

*In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68 (Tex. 2008) (orig. proceeding)...........................................................................11

*In re Jacobs*, 300 S.W.3d 35, 40 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding)...........................................................................11

*In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex.2008) (orig. proceeding)...........................................................................11

*In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010)...............7

*In re Prudential Ins. Co. v. Am.*, 148 S.W.3d 124, 135-36 & n.47 (Tex. 2004)...........................................................................7

*In re R.F.G.*, 282 S.W.3d 722, 728 (Tex. App.—Dallas 2009, no pet.).............9

*In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000).......................11

*In re W.L.W.*, 370 S.W.3d 799, 807 (Tex. App.—Fort Worth 2012, mandamus denied).........................................................................12

*In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding)
................................................................................11

*Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998).................8

*O'Carolan v. Hopper*, 71 S.W.3d 529, 534 (Tex. App.—Austin 2002, no pet. hist.)..............................................................................9

*Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex. 1984)...........10

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993)............................................................................8

*Texas Indus. Traffic League v. Railroad Comm'n*, 633 S.W.2d 821, 823 (Tex.1982) (per curiam)....................................................................7

*Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)...........................7

TEX. R. APP. P. 52.1..............................................................1

TEX. FAM. CODE ANN. § 9.002 (Vernon 2006)......................................8

TEX. FAM. CODE ANN. § 9.006(a) (Vernon 2006)...................................8

TEX. FAM. CODE ANN. § 9.007(a) (Vernon 2006)...................................2

# STATEMENT OF THE CASE

**Nature of the Case:**

This mandamus proceeding challenges an order appointing a receiver to handle all portions of the sale of Relator, John Jeffrey McCafferty's, homestead (and Real Party in Interest's real estate) because the trial court lacked jurisdiction to enter such an order under the Texas Family Code.

**Respondent:**    Honorable Susan Rankin
Judge of the 254th Judicial District Court of Dallas County, Texas.

**Course of Proceedings and Respondent's Challenged Action:**

Respondent did not have the power to enter the October 15, 2015 Order on Motion to for Appointment of Receiver (hereafter the "Order") because the Order was based on a previously entered order—the December 12, 2013 Interim Order on Petition for Enforcement (hereafter the "Interim Order"). The Trial Court's enforcement of the Interim Order violated Section 9.007 of the Texas Family Code (hereafter the "Statute"). In addition, Petitioner, Mary M. McCafferty (Relator's ex-wife), failed to present the evidence which was called for by the Interim Order for the Court to grant the requested relief of the appointment of a Receiver (assuming the Court had the jurisdiction to do so).

Because the Interim Order amended, modified, altered, and/or changed the division of property, the trial court was without jurisdiction to enter an Order enforcing same.

Further, the Interim Order required that Petitioner present evidence to Relator's counsel and to the trial court that Relator failed to pay the sums due under the Interim Order. Petitioner failed to present any evidence that Relator failed to pay the sums due under the Interim Order. Hence, there is insufficient evidence to the support the Respondent's Order (assuming arguendo, that said Order is, or was, enforceable).

# JURISDICTIONAL STATEMENT

This Court has original jurisdiction to issue extraordinary relief pursuant to Rule 52.1 of the Texas Rules of Appellate Procedure.

## ISSUES PRESENTED

1. Did the trial court err when it enforced an Order which amends, modifies, or alters the division of property contained in a previously signed Divorce Decree?

2. Did the trial court err when it enforced an order, even though the Movant failed to prove the necessary elements as set forth in the order?

No. _____

In the
Court of Appeals for the
Fifth District of Texas


In Re John Jeffrey McCafferty,
Relator


On Petition for Writ of Mandamus to the
254th Judicial District Court of Dallas County, Texas

PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS AT DALLAS:

Pursuant to Rule 52 of the Texas Rules of Appellate Procedure, Relator seeks mandamus relief from the trial court's order appointing a receiver to sell the Relator's homestead. TEX. R. APP. P. 52.1. Relator would show that Respondent did not have the power to enter the complained of Order, but that even in the unlikely event that the Respondent did, that the Trial Court abused its discretion in granting the complained of Order (because Petitioner [Real Party in Interest, Mary Micheline McCafferty] failed to present the evidence required under the terms of said Order to obtain her requested relief).

1

## INTRODUCTION

On October 15, 2015, the trial court signed an Order Appointing a Receiver (to sell Relator's homestead). The Order is attached hereto as Ex. A in the Appendix, which contains a true and correct copy of each of the original of Relator's exhibits and the Reporter's Record. This Order is based on an order—*to wit*, the Interim Order (Ex. B) which amended, modified, altered, and/or changed the division of property contained in the parties' Divorce Decree. Thus, the trial court was without jurisdiction to enter the October 15, 2015 Order, because an order that amends, modifies or alters a division of property in a divorce decree may not be enforced. F.C. §9.007.

Further, the Interim Order (upon which the Order appointing the Receiver was based) contains the following: "*If [Relator] fails to deposit or wire the money in the amounts or on the dates listed above, upon proof provided to his attorney **and** to the Court, a receiver will immediately be appointed to list the [Property] . . . for sale". The Reporter's Record shows that Petitioner failed to present any evidence that Relator failed to pay the sums due under the Interim Order.* Hence, there is no evidence establishing that the terms of the Interim Order were satisfied.

As a result of the trial court's order, Relator's ability to sell his homestead is severely constrained. This may detrimentally impact the

2

amount that Relator will recover as his share from the proceeds of the sale of the property (and may ultimately result in a forfeiture). Relief from this Court is therefore necessary.

There is no adequate remedy by appeal in this case, as Relator is unable to file an interlocutory appeal challenging the trial court's order. This Court should grant the petition for writ of mandamus and order the trial court to vacate its order appointing a receiver to sale the Relator's homestead.

## STATEMENT OF FACTS

On July 17, 2009, the trial court entered an Agreed Final Decree of Divorce (hereafter the "Decree"), which stated, in relevant part, as follows:

1. IT IS FURTHER ORDERED AND DECREED that the property and all improvements located thereon at lot 40, block 1/8175, Williamsburg at Preston An Addition to the City of Dallas, according to the Plat thereof recorded in Volume 78090, Page 1397, map records of Dallas County, Texas, and more commonly known as 14327 Hughes Lane, Dallas, Texas 75254 (hereafter the "**Property**"), shall be sold under the following conditions:

2. The Property shall be sold for a price as determined by [Relator]. [Petitioner] shall receive $509,000 as her share of the community property.

4. The net sales proceeds (defined as the gross sales price less the cost of sale and full payment of any mortgage indebtedness or liens on the property) shall be distributed as follows:

3

a.      $509,000 to [Petitioner] . . . Notwithstanding the foregoing language, [Relator] shall be reimbursed from the $509,000 due [Petitioner] limited to the following amounts:

1. Monies paid [Petitioner] by [Relator] after date of divorce as an advance on her $509,000. The advance on the $509,000 shall be defined by the amount [Relator] pays [Petitioner] after divorce in the contemplated amount of $4,000 per month payable each 15th of the month.

Ex. C, P. 16-17.

On July 25, 2013, Petitioner filed a Petition for Enforcement of Property Division and Petition for Breach of Contract. Ex. D, P. 1. In her petition, Petitioner sought enforcement of the Decree alleging, *inter alia*, that Relator had failed to comply with the Decree by failing to list the Property for sale and failing to the pay the $4,000 monthly advance. *Id.* at P. 2. On December 18, 2013, the Court signed an Interim Order (Ex. B, P. 1.) The Interim Order states, in relevant part, the following:

1.      [Relator] will wire transfer or direct deposit into [Petitioner's] bank account with Capital One Bank the following sums: $15,000 on November 12, 2013; $10,000 on December 15, 2013; and $10,000 on January 15, 2014 . . . Until the [Property] is listed for sale, [Relator] will continue to pay [Petitioner] the sum of $10,000 on the 15th day of each month.

2.      After the date the [Property] is listed for sale, [Relator] will wire transfer or direct deposit the sum of $6,000 per month on the 15th day of each month to [Petitioner].

4.      If [Relator] fails to deposit or wire the money in the amounts or on the dates listed above, upon proof provided to

4

his attorney **and** to the Court, a receiver will immediately be appointed to list the [Property] . . . for sale.

*Id.* at P. 1-2.

On September 9, 2015, Petitioner filed her Second Amended Petition for Enforcement of Property Division and Petition for Breach of Contract and for Enforcement of Interim Order on Petition for Enforcement. Ex. E, P. 1. In this pleading, Petitioner sought to enforce the terms of the Interim Order by having a receiver appointed to handle the sale of the Property. *Id.* at P. 3-4.

Relator objected to the appointment of a receiver based upon the Interim Order, because an order enforcing the Interim Order would violate Section 9.007 of the Texas Family Code. *See* Ex. F (Relator's Response to (Anticipated) Application for Receiver) & Ex. G. (Plea to the Jurisdiction). In his pleadings, Relator stated, in no uncertain terms, that the Interim Order was unenforceable because it amended, modified and/or altered the division of property contained in the Decree.

On October 15, 2015, the trial court heard the Application to Appoint a Receiver. At the hearing, Petitioner's counsel acknowledged that the Interim Order modified the Decree, but argued that it was done by agreement. RR. 5, Ln. 9-13. Petitioner argued, in essence, that the agreement of the parties to modify the Decree granted the trial court the jurisdiction to

5

enter the Interim Order. However, under Texas law, "a party cannot confer or waive jurisdiction by consent or agreement." *Claxton v. (Upper) Lake Fork Water Control,* 220 S.W.3d 537, 541 (Tex. App.—Texarkana 2006, no pet.). Arguing in the alternative, Petitioner also took the position that the orders were not substantial modifications such that they would violate the Statute. RR. 5, Ln. 23-25; RR 11, Ln. 21-22.

After a short recess, to consider same, Respondent granted Petitioner's request and entered the challenged Order appointing a receiver. RR 13, Ln 22-25 – RR 14, Ln. 1-6. The Order states, in relevant part, as follows:

> The Court, after hearing pleadings, evidence, and argument of counsel, is of the opinion that proper grounds exist for the immediate appointment of a receiver.
>
> IT IS THEREFORE ORDERED that Eve Sullivan and Shelley Tillery are appointed Receiver to take charge and possession of the [Property.]
>
> IT IS FURTHER ORDERED that Eve Sullivan or Shelley Tillery are authorized to manage, control, and dispose of the property as they see fit in their sole discretion in accordance with the listing agreement.
>
> IT IS FURTHER ORDERED that the parties fully cooperate with [sic] Receivers, including, without limitation, signing a real estate listing agreement that lists the [Property] initially at $1.399 m[.]

Ex. A, P. 1.

6

## ARGUMENT

Mandamus relief is available where (1) a court abuses its discretion and (2) there is no "adequate remedy by appeal." *In re Prudential Ins. Co. v. Am.*, 148 S.W.3d 124, 135-36 & n.47 (Tex. 2004) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *See In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010); *see also Walker*, 827 S.W.2d at 839.

### I. THE TRIAL COURT ERRED IN APPOINTING A RECEIVER, BECAUSE:

**A. The Trial Court Lacked Authority to Enter the Order Appointing a Receiver (but abused its discretion if it had the power to rule).**

A trial court commits fundamental error when it enters an order that is beyond the trial court's jurisdiction. *See Cox v. Johnson*, 638 S.W.2d 867, 868 (Tex.1982) (per curiam); *Texas Indus. Traffic League v. Railroad Comm'n*, 633 S.W.2d 821, 823 (Tex.1982) (per curiam). A plea to the jurisdiction is a dilatory plea by which a party challenges the court's authority to determine the subject matter of the action. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex.2004); *Bland Independent School District v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The relief seeking party bears the

7

burden of alleging facts that affirmatively show the trial court has subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). Because the question of subject matter jurisdiction is a legal question, the trial court's ruling on a plea to the jurisdiction is reviewed under a de novo standard of review. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

A court that renders the decree of divorce retains the power to enforce the property division. *See* TEX. FAM. CODE ANN. § 9.002 (Vernon 2006). Pursuant to the Family Code, a court may render further orders *to enforce* the division of property made in the decree of divorce to assist in the implementation of *or to clarify* the prior order. *See id.* § 9.006(a) (emphasis added). However, a court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce. *See id.* § 9.007(a).

Here, the trial court relied upon the Interim Order, when it entered the Order.[1] Under the Decree, Relator was only required to pay Petitioner $4,000 a month. Under the Interim Order, Relator was required to make one

---

[1] The trial court's reliance on the Interim Order is also apparent from the lack of evidence to substantiate the appointment of a receiver, as Texas law requires. *See Harrington v. Schuble*, 608 S.W.2d 253, 256 (Tex. Civ. App. 1980).

8

payment for $15,000 and a payment of $10,000, or pay $6,000 a month, depending on whether the property was listed for sale.

This 50% to 250% increase in the amount due monthly to satisfy Relator's debt obligations "amends, alters or changes the actual, substantive property division made or approved in the divorce decree." TEX. FAM. CODE ANN. § 9.007. Thus, "the order is beyond the trial court's power and is unenforceable." *See Everett v. Everett*, 421 S.W.3d 918, 921 (Tex. App.—El Paso 2014, no pet.); *see also In re R.F.G.*, 282 S.W.3d 722, 728 (Tex. App.—Dallas 2009, no pet.) (holding that a clarifying order amending a debt obligation violates the statute). The increased monthly payments mean that the Petitioner will receive more in value than the $509,000 debt obligation set forth in the Decree based on the time value of money. *See O'Carolan v. Hopper*, 71 S.W.3d 529, 534 (Tex. App.—Austin 2002, no pet. hist.) ("Furthermore, the time value of money lessens the worth of support payable over twenty-four months as compared to a lump sum realized from a sale of the property."); *see also Carl J. Battaglia, M.D., P.A. v. Alexander*, 177 S.W.3d 893, 907 (Tex. 2005).

**B.** **Petitioner Failed to Present the Necessary Evidence to Support the Trial Court's Decision to Grant the Petitioner's Request for an Appointment of a Receiver.**

Without waiving the argument that the Court lacked authority to enter the order to appoint a Receiver, Relator argues that even if the Interim Order is enforceable, Petitioner failed to prove the predicate facts for the Respondent to appoint a receiver. The Interim Order provides that as the factual basis for the Application to Appoint a Receiver (pursuant to the Interim Order) Petitioner must provide proof to Relator's counsel and to the Court that Relator failed to deposit or wire the money (before a receiver may be appointed). Ex. C, P. 2.

At the hearing on the request to appoint the Receiver, the only evidence that was before the trial court was regarding attorney's fees. RR 16, Ln. 23-25. The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Rather, it is a question of whether the court acted without reference to any guiding rules and principles. *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (Tex.Comm.App.—1939, opinion adopted). Another way of stating the test is whether the act was arbitrary or unreasonable. *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439,

443 (Tex. 1984). The lack of proof shows an abuse of discretion in the trial court's order, because the trial court actions could not have been guided by the evidence here, and thus were arbitrary and unreasonable.

## II. THERE IS NO ADEQUATE REMEDY BY APPEAL.

In determining whether appeal is an adequate remedy, courts consider whether the benefits of mandamus relief outweigh the detriments. *In re Jacobs,* 300 S.W.3d 35, 40 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding). Appeal is not an adequate remedy when the appellate court would not be able to cure the trial court's error. *In re Weekley Homes, L.P.,* 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding). As this balance depends heavily on circumstances, the analysis is guided by principles rather than simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.,* 275 S.W.3d 458, 464 (Tex.2008) (orig. proceeding). Typically, mandamus relief is appropriate when a trial court issues an order after its plenary power has expired. *In re Brookshire Grocery Co.,* 250 S.W.3d 66, 68 (Tex. 2008) (orig. proceeding); *see In re Sw. Bell Tel. Co.,* 35 S.W.3d 602, 605 (Tex. 2000) (reasoning that mandamus is proper if a trial court issues an order beyond its jurisdiction).

The Fort Worth Court of Appeals recently held that mandamus was proper when a court entered an order that violated Section 9.007 of the

11

Texas Family Code. *See In re W.L.W.*, 370 S.W.3d 799, 807 (Tex. App.—Fort Worth 2012, mandamus denied). A trial court lacks subject-matter jurisdiction to enter an order that divides community property in a manner different than what is provided for in a final decree. *Id.* Given that the trial court had no jurisdiction to enforce the Interim Order, there is no adequate remedy by appeal for Relator. Moreover, Relator may lose any interest he has in the Property by the time a final, appealable judgment is entered in this case. Respondent has ordered that the Property be sold at a fixed price, which may be well below its market value, and Relator stands to lose any money that he might have otherwise been entitled to.

## PRAYER

Respondent did not have the authority to enter the complained of Order. However, in the unlikely event that the trial court did, the Court abused its' discretion because Petitioner failed to present the evidence required to obtain her requested relief. For the foregoing reasons, this Court should issue a writ commanding Respondent to vacate the Order.

12

Respectfully submitted,
LAW OFFICES OF FRANK SHOR

*/s/ Frank Shor*
FRANK SHOR
State Bar No. 18294700
1620 E. Belt Line Road
Carrollton, Texas 75006
(972) 242-8887
(972) 446-7976 FAX
FrankShorLawFirm@gmail.com

Attorney for Relator

## CERTIFICATION

I certify that I have reviewed all of the factual allegations in the foregoing petition and conclude that every factual statement in the petition is supported by competent evidence, which is included herein as part of the appendix and the reporter's record.

*/s/ Frank Shor*
FRANK SHOR

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document contains 2622 words total, and was prepared in Microsoft WORD using 14-point typeface for body text and 12-point for footnotes. In making this certificate of compliance, I am relying on the WORD count provided by the software used to prepare the document.

*/s/ Frank Shor*
FRANK SHOR

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Petition for Writ of Mandamus was served via first class mail on Respondent and via

13

electronic service on the Real Party in Interest on the 3rd day of November, 2015, upon:

Respondent: Honorable Susan Rankin
Judge of 254th Judicial District Court of
Dallas County, Texas
600 Commerce Street
Dallas, Texas 75202
(214) 653-6741

Real Party in Interest: Mary M. McCafferty

Attorney for Mary Micheline McCafferty:
Reagan K. Vernon
State Bar No. 24081192
Koons Fuller, P.C.
1717 McKinney Avenue,Suite 1500
Dallas, Texas 75202
(214) 871-2727
Reagan@koonsfuller.com

*/s/ Frank Shor*
FRANK SHOR

14

# **APPENDIX**

**Exhibit A:** Order on Motion for Appointment of Receiver

**Exhibit B:** Interim Order on Petition for Enforcement

**Exhibit C:** Agreed Final Decree of Divorce

**Exhibit D:** Petition for Enforcement of Property Division and Petition for Breach of Contract

**Exhibit E:** Second Amended Petition for Enforcement of Property Division and Petition for Breach of Contract and for Enforcement of Interim Order on Petition for Enforcement

**Exhibit F:** Relator's Response to (Anticipated) Application for Receiver

**Exhibit G:** Plea to the Jurisdiction

**Exhibit H:** Reporter's Record

# EXHIBIT A

CAUSE NO. 08-05932

| MARY M. MCCAFFERTY, | § | IN THE DISTRICT COURT |
| ALANA MCCAFFERTY, AND | § | |
| AMANDA MCCAFFERTY | § | |
| | § | |
| | § | |
| V. | § | 254th JUDICIAL DISTRICT |
| | § | |
| JOHN JEFFREY MCCAFFERTY | § | DALLAS COUNTY, TEXAS |

## ORDER ON MOTION FOR APPOINTMENT OF RECEIVER

On the date indicated below, the Court considered the Motion for Appointment of Receiver of Mary M. McCafferty for the immediate appointment of a receiver to take charge and possession of property located at 14327 Hughes Lane, Dallas, Texas 75254. The Court, after hearing pleadings, evidence, and argument of counsel, is of the opinion that proper grounds exist for the immediate appointment of a receiver.

The Court finds that Eve Sullivan or Shelley Tillery with Allie Beth Allman are qualified to serve as Receivers and are registered voters in Texas.

IT IS THEREFORE ORDERED that Eve Sullivan and Shelley Tillery are appointed Receiver to take charge and possession of the property and all improvements located thereon at lot 40, block 1/8175, Williamsburg at Preston, an Addition to the City of Dallas according to the plat thereof, recorded in Volume 78090, Page 1397, Map records of Dallas County, Texas, and more commonly known as 14327 Hughes Lane, Dallas, Texas 75254. The necessity of a bond by Receiver is waived.

*attorney fees in the amount of $1570 are ordered against John McCafferty*

IT IS FURTHER ORDERED that Eve Sullivan and Shelley Tillery are authorized to manage, control, and dispose of the property as they see fit in their sole discretion *in accordance with the listing agreement. (SN)*

IT IS FURTHER ORDERED that the parties fully cooperate with Receivers, including, without limitation, signing ~~any real estate listing agreement~~, showing property to prospective buyers, and vacating premises, if necessary in the opinion of Receivers.

~~Receivers may enforce this order by contempt if the parties do not cooperate.~~

SIGNED on October 15, 2015.

*a real estate listing agreement that lists the property initially at $1,395 m.*

_____
Judge Presiding

*to be paid to Mrs. McCafferty on or before 11-1-15 at*

ORDER ON MOTION FOR APPOINTMENT OF RECEIVER                    PAGE 1

*her ~~solution~~ the law office of Regan Vernon.*

**EXHIBIT B**

NO. 08-05932-R

| | | |
|---|---|---|
| MARY M. MCCAFFERTY, | § | IN THE DISTRICT COURT |
| ALANA MCCAFFERTY and | § | |
| AMANDA MCCAFFERTY | § | |
| V. | § | 254TH JUDICIAL DISTRICT |
| | § | |
| JOHN JEFFREY MCCAFFERTY | § | DALLAS COUNTY, TEXAS |

### INTERIM ORDER ON PETITION FOR ENFORCEMENT

On November 11, 2013, the Court heard this matter and finds as follows:

Mary M. McCafferty appeared in person and through attorney of record, Holly R. Monk.

John Jeffrey McCafferty appeared in person and through attorney of record, Frank Shor.

The parties agree as follows, and it is ordered:

1. John Jeffrey McCafferty will wire transfer or direct deposit into Mary M. McCafferty's bank account with Capital One Bank the following sums: $15,000.00 on November 12, 2013; $10,000.00 on December 15, 2013; and $10,000.00 on January 15, 2014. John Jeffrey McCafferty anticipates that the home at 14327 Hughes Lane, Dallas, Texas, will be listed for sale by February 1, 2014. Until the house is listed for sale, John Jeffrey McCafferty will continue to pay Mary M. McCafferty the sum of $10,000.00 on the 15th day of each month.

2. After the date the house is listed for sale, John Jeffery McCafferty will wire transfer or direct deposit the sum of $6,000.00 per month on the 15th day of each month to Mary M. McCafferty. The account number was provided to John Jeffrey McCafferty in a separate document and will be used by him only for the purpose of the transfer of the money and no other purpose of any kind. John Jeffrey McCafferty will not share or publish the account number to anyone other than Bank personnel and solely for the

INTERIM ORDER - Page 1

purpose of the transfer of the money. John Jeffrey McCafferty will pay any and all costs associated with the transfer of the money.

3. If the 15th day of any month falls on a Saturday or a Sunday, John Jeffrey McCafferty will wire or direct deposit the money into Mary M. McCafferty's account on the preceding Friday.

4. If John Jeffrey McCafferty fails to deposit or wire the money in the amounts or on the dates listed above, upon proof provided to his attorney and to the Court, a receiver will immediately be appointed to list the house at 14327 Hughes Lane, Dallas, Texas, for sale. No further court hearings will be necessary to appoint the receiver. Provided that evidence has been provided to John Jeffrey McCafferty's counsel that John Jeffrey McCafferty has failed to deposit or wire the money in the amounts and/or on the dates listed hereinabove, then, in that event, Mary McCafferty's attorney will be fully authorized by this Order to present an Order Appointing Receiver to the Court for signature without further notice to or agreement by John Jeffrey McCafferty or by counsel for John Jeffrey McCafferty.

5. All amounts received by Mary McCafferty under this Interim Order are to be credited against the obligations owed by John Jeffery McCafferty under the Decree of Divorce dated July 17, 2009.

Dated: _____DEC 18 2013_____, 2013

*James B. Martin*

Presiding Judge of the 254th

INTERIM ORDER · Page 2

BAILEY & GALYEN
4131 N. Central Expressway, Suite 860
Dallas, TX 75204
Tel: (214) 252-9099
Fax: (214) 520-9941

By: _____
Holly R. Monk
State Bar No. 50511583
Attorney for Petitioner

LAW OFFICES OF FRANK SHOR
1620 East Belt Line Road
Carrollton, Texas 75006
Tel: (972) 242-8887
Fax: (972) 446-7976

By: _____
Frank Shor
State Bar No. 18294700
Attorney for Respondent

AGREED:

_____
Mary M. McCafferty
Petitioner

_____
John Jeffery McCafferty
Respondent

BAILEY & GALYEN
4131 N. Central Expressway, Suite 860
Dallas, TX 75204
Tel: (214) 252-9099
Fax: (214) 520-9941


By:_____
    Holly R. Monk
    State Bar No. 50511583
    Attorney for Petitioner


LAW OFFICES OF FRANK SHOR
1620 East Belt Line Road
Carrollton, Texas 75006
Tel: (972) 242-8887
Fax: (972) 446-7976

By: _____
    Frank Shor
    State Bar No. 18294700
    Attorney for Respondent

AGREED:

_____
Mary M. McCafferty
Petitioner


_____
John Jeffery McCafferty
Respondent


INTERIM ORDER – Page 3

**EXHIBIT C**

## CAUSE NO. 08-05932-R

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| JOHN JEFFREY McCAFFERTY | § | |
| AND | § | 254th JUDICIAL DISTRICT |
| MARY MICHELINE McCAFFERTY | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| ALANA NICOLE McCAFFERTY | § | |
| MINOR CHILD | § | DALLAS COUNTY, TEXAS |

## AGREED FINAL DECREE OF DIVORCE

On __July 7__, 2009 the Court heard this case.

*Appearances*

Petitioner, JOHN JEFFREY McCAFFERTY, appeared in person and through attorney of record, RANDY J. ESSENBURG, and announced ready for trial.

Respondent, MARY MICHELINE McCAFFERTY, has made a general appearance and has agreed to the terms of this judgment to the extent permitted by law, as evidenced by the signatures of Respondent appearing below. The Court finds that MARY MICHELINE McCAFFERTY has had throughout most of the divorce process two attorney's representing her, Blaise Gormely and David Carlock. The Court further finds Respondent's attorneys of record have withdrawn and Respondent is pro se nevertheless Respondent has had advise of counsel.

*Record*

The record of testimony was duly reported by the court reporter for the District Court.

*Jurisdiction and Domicile*

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed. The Court finds that, at the time this suit was filed, Petitioner had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

*Jury*

FINAL DECREE OF DIVORCE - Page 1

A jury was waived, and all questions of fact and of law were submitted to the Court.

*Agreement of Parties*

The Court finds that the parties have entered into a written agreement as to conservatorship of the child, the property and debt division to the extent permitted by law, the parties stipulate the agreement is enforceable as a contract.

*Divorce*

IT IS ORDERED AND DECREED that JOHN JEFFREY McCAFFERTY, Petitioner, and MARY MICHELINE McCAFFERTY, Respondent, are divorced and that the marriage between them is dissolved on the ground of insupportability.

*Child of the Marriage*

The Court finds that Petitioner and Respondent are the parents of the following children over 18 years of age:

Name: AMANDA LAUREN McCAFFERTY
Sex:    Female
Birth date: December 9, 1987

Name: AMBER CARINA McCAFFERTY
Sex:    Female
Birth date: December 9, 1987

The Court finds that Petitioner and Respondent are the parents of the following child over 18 years of age but still in High School:

Name: ALANA NICOLE McCAFFERTY
Sex:    Female
Birth date: May 9, 1990

The Court finds no other children of the marriage are expected.

## Parenting Plan

*Conservatorship*

The Court, having considered the circumstances of the parents and of the child, finds that the

FINAL DECREE OF DIVORCE - Page 2

following orders are in the best interest of the child.

IT IS ORDERED that JOHN JEFFREY McCAFFERTY and MARY MICHELINE McCAFFERTY are appointed parent joint managing conservators of the following child: ALANA NICOLE McCAFFERTY.

IT IS ORDERED that, at all times, JOHN JEFFREY McCAFFERTY and MARY MICHELINE McCAFFERTY, as parent joint managing conservators, shall each have the following rights:

1. the right to receive information from the other parent concerning the health, education, and welfare of the child;

2. the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the child;

3. the right of access to medical, dental, psychological, and educational records of the child;

4. the right to consult with a physician, dentist, or psychologist of the child;

5. the right to consult with school officials concerning the child's welfare and educational status, including school activities;

6. the right to attend school activities;

7. the right to be designated on the child's records as a person to be notified in case of an emergency;

8. the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child; and

9. the right to manage the estate of the child to the extent the estate has been created by the parent or the parent's family.

IT IS ORDERED that, at all times, JOHN JEFFREY McCAFFERTY and MARY MICHELINE McCAFFERTY, as parent joint managing conservators, shall each have the following duties:

1. the duty to inform the other parent in a timely manner of significant information concerning the health, education, and welfare of the child; and

2. the duty to inform the other parent if the parent resides with for at least thirty days,

FINAL DECREE OF DIVORCE - Page 3

marries, or intends to marry a person who the parent knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure (as added by chapter 668, Acts of the 75th Legislature, Regular Session, 1997) or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the parent begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. WARNING: A PERSON COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE PERSON FAILS TO PROVIDE THIS NOTICE.

IT IS ORDERED that, during their respective periods of possession, JOHN JEFFREY McCAFFERTY and MARY MICHELINE McCAFFERTY, as parent joint managing conservators, shall each have the following rights and duties:

1. the duty of care, control, protection, and reasonable discipline of the child;

2. the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3. the right to consent for the child to medical and dental care not involving an invasive procedure;

4. the independent right to consent for the child to medical, dental, and surgical treatment during an emergency involving immediate danger to the health and safety of the child; and

5. the right to direct the moral and religious training of the child.

IT IS ORDERED that MARY MICHELINE McCAFFERTY, as a parent joint managing conservator, shall have the following rights and duty:

1. the exclusive right to establish the primary residence of the child within Dallas and contiguous counties;

2. the independent right to consent to medical, dental, and surgical treatment involving invasive procedures and to consent to psychiatric and psychological treatment of the child;

3. the exclusive right to receive and give receipt for periodic payments for the support of the child and to hold or disburse these funds for the benefit of the child;

4. the independent right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;

FINAL DECREE OF DIVORCE - Page 4

5. the right, subject to the agreement of the other parent conservator, to consent to marriage and to enlistment in the armed forces of the United States;

6. the independent right to make decisions concerning the child's education;

7. the independent right to the services and earnings of the child, except as provided by section 264.0111 of the Texas Family Code;

8. except when a guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child, the right, subject to the agreement of the other parent conservator, to act as an agent of the child in relation to the child's estate if the child's action is required by a state, the U.S., or a foreign government;

9. the right to manage the estate of the child to the extent the estate has been created by MARY MICHELINE McCAFFERTY.

IT IS ORDERED that JOHN JEFFREY McCAFFERTY, as a parent joint managing conservator, shall have the following rights and duty:

1. the right to possession of the child as set forth in this order;

2. the independent right to consent to medical, dental, and surgical treatment involving invasive procedures and to consent to psychiatric and psychological treatment of the child;

3. the independent right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;

4. the right, subject to the agreement of the other parent conservator, to consent to marriage and to enlistment in the armed forces of the United States;

5. the independent right to make decisions concerning the child's education;

6. the right to the services and earnings of the child, except as provided by section 264.0111 of the Texas Family Code;

7. except when a guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child, the right, subject to the agreement of the other parent conservator, to act as an agent of the child in relation to the child's estate if the child's action is required by a state, the U.S., or a foreign government;

IT IS ORDERED that Petitioner and Respondent shall minimize disruption of the child's education, daily routine, and association with friends.

**FINAL DECREE OF DIVORCE – Page 5**

It has been represented to the Court that there has been no pattern of child neglect or family violence by any party to this case within two (2) years preceding the filing of this case or during the pendency of this case

*Possession Order*

The Court finds the child, ALANA NICOLE McCAFFERTY, the subject of this suit, is nineteen years old and graduating from High School by May 2009 IT IS ORDERED JOHN JEFFREY McCAFFERTY shall have possession of the child at times mutually agreed to by Father and child.

*Child Support*

IT IS ORDERED that JOHN JEFFREY McCAFFERTY is obligated to pay and shall pay to MARY MICHELINE McCAFFERTY child support of $1500.00 per month, with the first payment being due and payable on May 1, 2009 and a like payment being due and payable on the 1st day of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below:

1. the child reaches the age of eighteen years, provided that, if the child is fully enrolled in an accredited secondary school in a program leading toward a high school diploma or enrolled in courses for joint high school and junior college credit pursuant to section 130.008 of the Texas Education Code, the periodic child-support payments shall continue to be due and paid until the end of the month in which the child graduates from high school;

2. the child marries;

3. the child dies;

4. the child's disabilities are otherwise removed for general purposes; [or]

5. MARY MICHELINE McCAFFERTY and JOHN JEFFREY McCAFFERTY remarry each other; or

6. further order modifying this child support

IT IS ORDERED that all payments shall be paid directly to MARY MICHELINE McCAFFERTY for the support of the child. The Court finds good cause exists not to issue an employer's order to withhold

IT IS ORDERED that medical support shall be provided for the child as follows:

**FINAL DECREE OF DIVORCE - Page 6**

## *Health Care*

1. IT IS ORDERED that JOHN JEFFREY McCAFFERTY is ORDERED to provide medical support and health insurance coverage for the child the subject of this suit as additional child support for as long as the Court may order JOHN JEFFREY McCAFFERTY to provide support for the child under sections 154.001 and 154.002 of the Texas Family Code.

Beginning on the day JOHN JEFFREY McCAFFERTY's actual or potential obligation to support a child under sections 154.001 and 154.002 of the Family Code terminates, IT IS ORDERED that JOHN JEFFREY McCAFFERTY is discharged from the obligations set forth in this medical support order with respect to that child, except for any failure by a parent to fully comply with those obligations before that date. IT IS FURTHER ORDERED that JOHN JEFFREY McCAFFERTY shall provide medical support and health insurance coverage for each child as set out in this order.

2. Definitions -

"Health Insurance" means insurance coverage that provides basic health-care services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services, that may be provided through a health maintenance organization or other private or public organization, other than medical assistance under chapter 32 of the Texas Human Resources Code.

"Reasonable cost" means the cost of a health insurance premium that does not exceed 10 percent of the responsible parent's net income in a month.

"Reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of a child" include, without limitation, any copayments for office visits or prescription drugs, mental health-care services, dental, eye care, ophthalmological, orthodontic, and psychological charges. These reasonable and necessary health-care expenses do not include expenses for travel to and from the health-care provider or for nonprescription medication.

"Furnish" means:

a. to hand deliver the document by a person eighteen years or older either to the recipient or to a person who is eighteen years or older and permanently resides with the recipient;

b. to deliver the document to the recipient by certified mail, return receipt requested, to the recipient's last known mailing or residence address; or

c. to deliver the document to the recipient at the recipient's last known mailing or residence address using any person or entity whose principal business is that or a courier or deliverer of papers or documents either within or outside the United States.

**FINAL DECREE OF DIVORCE - Page 7**

3. Obligations of JOHN JEFFREY McCAFFERTY - JOHN JEFFREY McCAFFERTY is ORDERED to include and maintain the child the subject of this suit in JOHN JEFFREY McCAFFERTY's health insurance available through the insurance company through JOHN JEFFREY McCAFFERTY's employer no later than the date the Court signs this order.

4. Obligations of JOHN JEFFREY McCAFFERTY - JOHN JEFFREY McCAFFERTY is ORDERED -

a. to furnish to each conservator of the child and the child support registry the following information no later than the thirtieth day after the date the notice of the rendition of this order is received:

I. the Social Security number of the parent providing insurance;

ii. the name and address of the employer of the parent providing insurance;

iii. whether the employer is self-insured or has health insurance available;

iv. proof that health insurance has been provided for each child; and

v. the name of the health insurance carrier, the number of the policy, a copy of the policy and schedule of benefits, a health insurance membership card, claim forms, and any other information necessary to submit a claim or, if the employer is self-insured, a copy of the schedule of benefits, a membership card, claim forms, and any other information necessary to submit a claim;

b. to furnish to each conservator of the child a copy of any renewals or changes to the health insurance policy covering a child, or any additional information regarding health insurance coverage of the child, including any change in the actual cost of the health insurance for the child, no later than the fifteenth day after the party providing the health insurance receives or is provided with the renewal, change, or additional information;

c. to furnish each conservator of the child and the child support registry with all documentation accessible to JOHN JEFFREY McCAFFERTY of any termination or lapse of the health insurance coverage of a child no later than the fifteenth day after the date of the termination or lapse;

d. after termination or lapse of health insurance coverage, to furnish each conservator of the child and the child support registry with all documentation accessible to JOHN JEFFREY McCAFFERTY of the availability of additional health insurance for the child no later than the fifteenth day after the date the insurance becomes available;

FINAL DECREE OF DIVORCE - Page 8

e. after a termination or lapse of health insurance coverage, to furnish each conservator of the child and the child support registry with all documentation accessible to JOHN JEFFREY McCAFFERTY of the availability of enrollment of the child in a medical assistance program under chapter 32 of the Texas Human Resources Code or a state child health plan under chapter 62 of the Texas Health and Safety Code, no later than the fifteenth day after the date the enrollment in the program becomes available;

f. to enroll the child at the next available enrollment period in a health insurance plan that is available at reasonable cost after the previous health insurance has been terminated or has lapsed; and

g. to enroll the child in a medical assistance program under chapter 32 of the Texas Human Resources Code or a state child health plan under chapter 62 of the Texas Health and Safety Code if the child are eligible for enrollment in the program and no health insurance plan is available at reasonable cost.

5. Secondary Coverage - IT IS ORDERED that nothing in this order shall prevent either party from providing secondary health insurance coverage for the child at that party's sole cost and expense. IT IS FURTHER ORDERED that if a party provides secondary health insurance coverage for the child, both parties shall cooperate fully with regard to the handling and filing of claims with the insurance carrier providing the coverage in order to maximize the benefits available to the child and to ensure that the party who pays for health-care expenses for the child is reimbursed for the payment from both carriers to the fullest extent possible.

6. Compliance with Insurance Company Requirements - Each party is ORDERED to conform to all requirements imposed by the terms and conditions of the policy of health insurance covering the child in order to assure maximum reimbursement or direct payment by the insurance company of the incurred health-care expense, including but not limited to requirements for advance notice to carrier, second opinions, and the like. Each party is ORDERED to attempt to use "preferred providers", or services within the health maintenance organization, if applicable; however, this provision shall not apply if emergency care is required. Disallowance of the bill by a health insurer shall not excuse the obligation of either party to make payment, however, if a bill is disallowed or the benefit reduced because of the failure of a party to follow procedures or requirements of the carrier, IT IS ORDERED that the party failing to follow the carrier's procedures or requirements shall be wholly responsible for the increased portion of that bill.

IT IS FURTHER ORDERED that no surgical procedure, other than in an emergency or one covered by insurance, shall be performed on the child unless the parent consenting to surgery has first consulted with at least two medical doctors, both of whom state an opinion that the surgery is medically necessary. IT IS FURTHER ORDERED that a parent who fails to obtain the required medical opinions before consent to surgery on the child shall be wholly responsible for all medical and hospital expense incurred in connection therewith.

FINAL DECREE OF DIVORCE - Page 9

7. Claims - Except as provided in this paragraph, the party who is not carrying the health insurance policy covering the child is ORDERED to furnish to the party carrying the policy, within fifteen days of receiving them, any and all forms, receipts, bills, and statements reflecting the health-care expenses the party not carrying the policy incurs on behalf of the child. In accordance with article 3.51-13 of the Texas Insurance Code, IT IS ORDERED that the party who is not carrying the health insurance policy covering the child may, at that party's option, file directly with the insurance carrier with whom coverage is provided for the benefit of the child any claims for health-care expenses, including but not limited to medical, hospitalization, and dental costs, and receive payments directly from the insurance company.

The party who is carrying the health insurance policy covering the child is ORDERED to submit all forms required by the insurance company for payment or reimbursement of health-care expenses incurred by either party on behalf of a child to the insurance carrier within fifteen days of that party's receiving any form, receipt, bill, or statement reflecting the expenses.

8. Constructive Trust for Payments Received - IT IS ORDERED that any insurance payments received by the party from the health insurance carrier as reimbursement for health-care expenses incurred by or on behalf of a child shall belong to the party who incurred and paid those expenses. IT IS FURTHER ORDERED that the party receiving the insurance payments is designated a constructive trustee to receive any insurance checks or payments for health-care expenses incurred and paid by the other party, and the party carrying the policy shall endorse and forward the checks or payments, along with any explanation of benefits received, to the other party within three days of receiving them.

9. Health-Care Expenses Not Paid by Insurance - Subject to the provisions in paragraph 6 immediately above, IT IS ORDERED that, if health-care expenses are incurred for a child, JOHN JEFFREY McCAFFERTY shall pay all reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of the child in the following portions:

a. If the health-care expenses are incurred by using a HMO or PPO plan, in an emergency, or with the written agreement of the other party, MARY MICHELINE McCAFFERTY is ORDERED to pay 50 percent and JOHN JEFFREY McCAFFERTY is ORDERED to pay 50 percent.

b. Except in an emergency or if the other parent agreed in writing, if a party incurs health-care expenses for the child by using the services of health-care providers not employed by the HMO or approved by the PPO, the party incurring the services is ORDERED to pay 100 percent and the other party is ORDERED to pay 0 percent.

c. If either parent provides health insurance for the child through an HMO or a PPO that does not provide coverage for the child where the child resides or have network providers in the area where the child resides, MARY

FINAL DECREE OF DIVORCE - Page 10

MICHELINE McCAFFERTY is ORDERED to pay 50 percent and JOHN JEFFREY McCAFFERTY is ORDERED to pay 50 percent.

d. If the child is enrolled in a health-care plan that is not an HMO or a PPO, MARY MICHELINE McCAFFERTY is ORDERED to pay 50 percent and JOHN JEFFREY McCAFFERTY is ORDERED to pay 50 percent.

e. If the child was enrolled in a medical assistance program under chapter 32 of the Texas Human Resources Code or a state child health plan under chapter 62 of the Texas Health and Safety Code and is no longer eligible for coverage in that plan or program, MARY MICHELINE McCAFFERTY is ORDERED to pay 50 percent and JOHN JEFFREY McCAFFERTY is ORDERED to pay 50 percent until health insurance is provided for the child or the child is again eligible for enrollment in a medical assistance program under chapter 32 of the Texas Human Resources Code or a state child health plan under chapter 62 of the Texas Health and Safety Code.

IT IS ORDERED that the party who pays for a health-care expense on behalf of a child shall furnish to the other party, within thirty days of receiving them, all forms, receipts, bills, and explanations of benefits paid reflecting the uninsured portion of the health-care expenses the paying party incurs on behalf of the child. IT IS FURTHER ORDERED that if the paying party furnishes all of these forms, receipts, bills, and explanations of benefits to the nonpaying party within thirty days of receiving them, the nonpaying party shall pay his or her share of the uninsured portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the paying party at the paying party's last known mailing or residence address for any advance payment exceeding the paying party's share of the expenses no later than thirty days after the nonpaying party receives the following documentation relating to the health-care expense:

a. a receipt for a prescription.

b. a receipt for a copayment for health-care services,

c. a receipt for health-care expenses of a type not covered by the health insurance plan, or

d. an explanation of benefits stating the benefits paid for all other health-care expenses.

If the paying party does not furnish to the nonpaying party all of the forms, receipts, bills, and explanations of benefits paid reflecting the uninsured portion of a health-care expense the paying party incurred on behalf of the child within thirty days of receiving these documents, IT IS ORDERED that the nonpaying party shall pay his or her share of the uninsured portion of the health-care expense either by paying the health-care provider directly or by reimbursing the paying party at the paying party's last

**FINAL DECREE OF DIVORCE** - Page 11

known mailing or residence address for any advance payment exceeding the paying party's share of the expense no later than 120 days after the nonpaying party receives the documentation listed above in this section relating to the health-care expenses.

If the paying party does not furnish to the nonpaying party all the forms, receipts, bills, and explanation of benefits paid reflecting the uninsured portion of health care expenses within sixty (60) days then IT IS ORDERED the paying party shall have waived their right to reimbursement for the uninsured portion of the health care expenses from the nonpaying party.

IT IS ORDERED that reasonableness of the charges for health-care expenses shall be presumed when a party is furnished with the applicable documents for the charges and that disallowance of the bill by a health insurer shall not excuse that party's obligation to make payment or reimbursement as otherwise provided herein.

10. WARNING-A PARENT ORDERED TO PROVIDE HEALTH INSURANCE OR TO PAY THE OTHER PARENT ADDITIONAL CHILD SUPPORT FOR THE COST OF HEALTH INSURANCE WHO FAILS TO DO SO IS LIABLE FOR NECESSARY MEDICAL EXPENSES OF THE CHILDREN, WITHOUT REGARD TO WHETHER THE EXPENSES WOULD HAVE BEEN PAID IF HEALTH INSURANCE HAD BEEN PROVIDED, AND FOR THE COST OF HEALTH INSURANCE PREMIUMS OR CONTRIBUTIONS, IF ANY, PAID ON BEHALF OF THE CHILDREN.

IT IS ORDERED that the child support as prescribed in this decree shall be exclusively discharged in the manner ordered and that any direct payments made by JOHN JEFFREY McCAFFERTY to MARY MICHELINE McCAFFERTY or any expenditures incurred by JOHN JEFFREY McCAFFERTY during JOHN JEFFREY McCAFFERTY's periods of possession of or access to the child, as prescribed in this decree, for food, clothing, gifts, travel, shelter, or entertainment are deemed in addition to and not in lieu of the support ordered in this decree.

*Dispute Resolution under Texas Family Code 153.603*

The parties shall agree on a mutually agreeable counselor in the event of a future dispute prior to filing any court action. The parties shall attend and discuss the issue with a counselor within ten (10) days of one party's request. The parties shall use the counselor to resolve disputes prior to any court action. In the event the other party fails to attend the counseling session within ten (10) then either party may pursue court action. This provision shall not apply to enforcement actions of child support.

Each party is ORDERED to inform the other party within four hours of any medical condition of the parties' child requiring surgical intervention, hospitalization, or both.

FINAL DECREE OF DIVORCE - Page 12

*Children's Separate Property*

The Court finds AMANDA LAUREN McCAFFERTY shall own as her separate property and shall have clear title to the 2005 White Volvo VIN# YVIC7911551145741 upon the Volvo being paid off.

The Court finds an agreement of the parties regarding the purchase of a black Volvo for ALANA NICOLE MCCAFFERTY. Beginning on the day after the divorce is finalized ALANA NICOLE MCCAFFERTY shall have exclusive use of the black 2005 Volvo for seven (7) days to decide if she wants to buy the Vovlo for $25,000. The parties agree that Husband has contributed $15,000 (included in the $509,000) towards a car of ALANA NICOLE MCCAFFERTY's choice. IT IS THE AGREEMENT OF THE PARTIES and ALANA NICOLE MCCAFFERTY shall return the 2005 Volvo to the owner in the event she elects not to purchase it on or before the seventh (7th) day.

The Court finds AMBER CARINA McCAFFERTY shall own as her separate property and shall have clear title to the 2004 Lexus VIN# JTJGA31UX40025683. JOHN JEFFREY McCAFFERTY hereby agrees to repair the hail damage of the 2004 Lexus at his sole cost and expense.

*College for the Children* AND OWNERSHIP

Notwithstanding any language herein to the contrary, JOHN JEFFREY McCAFFERTY shall relinquish any and all control of the Texas Tomorrow Fund to MARY MICHELINE McCAFFERTY and she shall have the exclusive right to manage and make any decisions to the Texas Tomorrow Fund in her sole discretion.

Additionally, JOHN JEFFREY McCAFFERTY and MARY MICHELINE McCAFFERTY hereby agree to pay 50 % each for any room and board of the children, not covered by the Texas Tomorrow Fund, while attending undergraduate college full time from September through May. IT IS AGREED the cost for room and board shall not exceed on-campus dormitory room and board cost.

While the children are attending undergraduate college full time, JOHN JEFFREY McCAFFERTY and MARY MICHELINE McCAFFERTY hereby agree to pay 50 % each for the children's health insurance.

Additionally, JOHN JEFFREY McCAFFERTY hereby agrees to pay $500 per month to each child, while attending undergraduate college full time, except during the summer session. IT IS AGREED by the parties the children shall pay for their car insurance from the $500 per month.

*Life Insurance for Benefit of Children*

Notwithstanding any language herein to the contrary, JOHN JEFFREY McCAFFERTY hereby agrees to maintain a life insurance policy with a death benefit of $1,000,000 for the benefit of his children share and share alike until the youngest child has graduated from college or May 14, 2014,

**FINAL DECREE OF DIVORCE** - Page 13

whichever occurs first.

The information required for each party by section 105.006(a) of the Texas Family Code is as follows:

Name: JOHN JEFFREY McCAFFERTY
Social Security number:     XXX XX 7269
Driver's license number and issuing state:     XXXX0813 Texas
Current residence address:     14327 Hughes Lane, Dallas, Texas 75254
Mailing address:     same
Home telephone number:  N/A
Name of employer:     Abacus Equipment Inc.
Address of employment:     1805 John Connally Drive, Carrollton, Texas 75006
Work telephone number:     972-416-7275

Name: MARY MICHELINE McCAFFERTY
Social Security number:     XXXX XX 9228
Driver's license number and issuing state:     XXXX 0943 Texas
Current residence address:     15137 King of Spain, Dallas, Texas 75248
Mailing address:     same
Home telephone number:     _____
Name of employer:     N/A
Address of employment: N/A
Work telephone number:     N/A

Name: ALANA NICOLE McCAFFERTY
Social Security number:     XXX-XX-
Driver's license number and issuing state:     N/A
Current residence address:
Mailing address:     same
Home telephone number:
Name of employer:     N/A
Address of employment:     N/A
Work telephone number:     N/A

EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO

FINAL DECREE OF DIVORCE - Page 14

PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

Notice shall be given to the other party by delivering a copy of the notice to the party by registered or certified mail, return receipt requested. Notice shall be given to the Court by delivering a copy of the notice either in person to the clerk of this Court or by registered or certified mail addressed to the clerk. Notice shall be given to the state case registry by mailing a copy of the notice to State Case Registry, Central File Maintenance, P.O. Box 12048, Austin, Texas 78711-2048.

WARNINGS TO PARTIES: FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

*Division of Marital Estate*

The Court finds that the following is a just and right division of the parties' marital estate, having due regard for the rights of each party.

**FINAL DECREE OF DIVORCE** - Page 15

*Marital Residence*

IT IS FURTHER ORDERED AND DECREED that the property and all improvements located thereon at lot 40 block 1/8175, Williamsburg At Preston An Addition to the City of Dallas According to the Plat thereof recorded in Volume 78090 Page 1397, Map Records of Dallas County, Texas, and more commonly known as 14327 Hughes Lane Dallas, Texas 75254, hereinafter "Property," shall be sold under the following terms and conditions:

1. The JOHN JEFFREY McCAFFERTY shall list the property with a duly licensed real estate broker having sales experience in the area where the property is located.

2. The property shall be sold for a price as determined by JOHN JEFFREY McCAFFERTY. MARY MICHELINE McCAFFERTY shall receive $509,000 as her share of the community property. To ensure compliance of the monies due MARY MICHELINE McCAFFERTY, title to the Property shall not transfer until such time as MARY MICHELINE McCAFFERTY has received her community property due or contemporaneous with a closing of the Property. IT IS ORDERED MARY MICHELINE McCAFFERTY shall remove her name from the title to the Property upon receipt of her community property due. IT IS ORDERED MARY MICHELINE McCAFFERTY shall sign a Special Warranty Deed removing her name from title to the Property contemporaneous with the receipt of her share of the community property described herein.

3. JOHN JEFFREY McCAFFERTY shall continue to make all payments of principal, interest, taxes, and insurance on the property during the pendency of the sale, and JOHN JEFFREY McCAFFERTY shall have the exclusive right to enjoy the use and possession of the premises until closing. All maintenance and minor repairs necessary to keep the property in its present condition shall be paid by JOHN JEFFREY McCAFFERTY.

4. The net sales proceeds (defined as the gross sales price less cost of sale and full payment of any mortgage indebtedness or liens on the property) shall be distributed as follows:

   a. **$509,000 to MARY MICHELINE McCAFFERTY.** (The parties agree the $509,000 is compromised of Wife's share of the community property of $434,000 from the equity of the marital residence, $45,000 to help her pay her credit cards in her name, $15,000 towards ALANA NICHOLE McCAFFERTY'S automobile and $15,000 towards MARY MICHELINE McCAFFERTY automobile). Notwithstanding the forgoing language, JOHN JEFFREY McCAFFERTY shall be reimbursed from the $509,000 due MARY MICHELINE McCAFFERTY limited to the following amounts:

      1   Monies paid Wife by Husband after date of divorce as an advance on her $509,000. The advance on the $509,000 shall be defined by the amount Husband pays Wife after divorce in

the contemplated amount of $4000 per month payable each 15th of the month. The parties hereby agree the intent of the parties is Wife have monies until she receives her share of the community property from JOHN JEFFREY McCAFFERTY; and

2. Health insurance payments paid by Husband for Wife after divorce, and,

3. Only in the event ALANA McCAFFERTY elects to keep the black Volvo, then $25,000 shall be deducted from the $509,000.

4 No other deductions from the $509,000 shall be allowed;

b. **Any balance of the net proceeds from the sale of the Property shall be paid to JOHN JEFFREY McCAFFERTY.** IT IS ORDERED JOHN JEFFREY McCAFFERTY may exercise his option to buy the Property. In the event JOHN JEFFREY McCAFFERTY exercises his right to buy the Property, MARY MICHELINE McCAFFERTY nevertheless shall receive her share of the community property as identified in paragraph 4 (a) of the paragraph titled "Marital Residence" but subject to said deductions identified therein IT IS ORDERED MARY MICHELINE McCAFFERTY shall cooperate in the refinancing or purchase of the marital residence by JOHN JEFFREY McCAFFERTY in the event he chooses to exercise the option to buy.

c. It is the agreement of the parties that JOHN JEFFREY McCAFFERTY shall pay MARY MICHELINE McCAFFERTY four thousand dollars ($4,000.00) per month until the Property is sold or she receives her share of the community property identified herein and such $4,000.00 per month shall be an offset against the $509,000 due MARY MICHELINE McCAFFERTY.

*Property of Husband*

IT IS ORDERED AND DECREED that the husband, JOHN JEFFREY McCAFFERTY, is awarded the following as his sole and separate property, and the wife is divested of all right, title, interest, and claim in and to that property:

H-1. All stocks and ownership of Abacus Crane and Hoist, a division of Abacus Equipment Incorporated, and Abacus Equipment Incorporated which shall include but not limited to all stocks, furniture, fixtures, machinery, equipment, inventory, cash, receivables, accounts, goods, and supplies; real property, all personal property used in connection with the operation of the business; and all rights and privileges, past, present, or future, arising out of or in connection with the operation of the business and shall include the real estate commonly known as 1805 John

FINAL DECREE OF DIVORCE - Page 17

Connally Carrollton Texas 75006 more particularly described as set forth in Exhibit A, attached hereto and incorporated by reference.

H-2. All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the husband or subject to his sole control including but not limited to the following:

Laundry room: Kenmore washer and dryer;
Dining Room: 3 Pictures;
Garage: contents and tools;
Kitchen and Pantry: Marble Tables, 8 leather chairs, bar stools, brass table, painting, T.V;
Den: Sofa, 2 chairs, end tables, mirror, brass lamps, bar glasses, liquor, stereo, Sony TV and Surround sound system;
Game Room: Brunswick Pool Table;
Master Bedroom: King bed, dresser, desk, 4 chairs, 2 end tables, TV, coffee table, 2 night stands, 5 lamps, 3 paintings;
Exercise Room: 4 exercise machines;
Upstairs 3 Bedrooms: 2 queen beds, lamps, 4 chairs;
Other: Dell Laptop computer, entry table with mirror, plants, vases, mirror;
Living Room: square carpet, two couches, one table;
Yard: 2 tables, chairs, bar stools
Office: desk, drafting table, copying machine, fax, credenza, 3 chairs, computer with engineering program, miscellaneous office items.

H-3. All clothing, jewelry, and other personal effects in the possession of the husband or subject to his sole control.

H-4. All sums of cash in the possession of the husband or subject to his sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the husband's sole name or from which the husband has the sole right to withdraw funds or which are subject to the husband's sole control.

H-5. All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the husband's past, present, or future employment.

H-6. All individual retirement accounts, simplified employee pensions, and annuities in the husband's name, unless otherwise stated herein to the contrary including but not limited to the following:
Compass Bank IRA 863585
Compass Bank IRA 1000507128

FINAL DECREE OF DIVORCE - Page 18

Compass Bank IRA 10028858847
Compass Bank IRA 2000002673
Compass Bank IRA 2000020193
Compass Bank IRA 0000857242
Inwood Bank IRA 86595

H-7. All interests and ownership in Conseco Annuity Acct # 0N266767;

H-8. All policies of life insurance (including cash values) insuring the husband's life unless expressly stated herein to the contrary which shall include but not be limited to the following:

Berkshire Life / Guardian L0874706
Prudential Life 93 138 540
Prudential Life 38 853 834
Prudential Life 61 082 147
Prudential Life 38 995 500

H-9. All brokerage accounts, stocks, bonds, mutual funds, and securities registered in the husband's name, together with all dividends, splits, and other rights and privileges in connection with them, including but not limited to: Abacus Crane and Hoist, a division of Abacus Equipment Incorporated, and Abacus Equipment Incorporated.

H-10. The 2000 Ford F350 Truck, VIN# 1GCGC34RGYR153859, in Petitioner's possession, together with all prepaid insurance, keys, and title documents.

H-11. The 2002 GMC Denali, VIN# 1GKFK66U325278636, in Respondent's possession, together with all prepaid insurance, keys, and title documents.

*Property of Wife*

IT IS ORDERED AND DECREED that the wife, MARY MICHELINE McCAFFERTY, is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property:

W-1. $509,000 due as her share of the community Property under the terms more particularly described in the paragraph above entitled "Marital Residence" and subject to the deductions described therein.

W-2. All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the wife or subject to her sole control. IT IS ORDERED MARY MICHELINE McCAFFERTY shall be entitled to enter 14327 Hughes Lane, Dallas, Texas to retrieve any other personal property remaining at the Hughes Lane Dallas residence not all ready removed by her. The parties shall agree on a time to remove the remainder of her personal property.

FINAL DECREE OF DIVORCE - Page 19

W-3. All clothing, jewelry, and other personal effects in the possession of the wife or subject to her sole control.

W-4. All sums of cash in the possession of the wife or subject to her sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the wife's sole name or from which the wife has the sole right to withdraw funds or which are subject to the wife's sole control, including but not limited to:

    a. Bank of America Acct # 4888 8360 9889 5968
    b. Bank of America Acct # 5490 3523 0510 3641

W-5. All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the wife's past, present, or future employment unless otherwise stated herein to the contrary.

W-6. All individual retirement accounts, simplified employee pensions, annuities, and variable annuity life insurance benefits in the wife's name unless otherwise stated herein to the contrary.

W-7. All insurance, pensions, retirement benefits, and other benefits arising out of the wife's membership in any union unless otherwise stated herein to the contrary.

W-8. All policies of life insurance (including cash values) insuring the wife's life.

*Liabilities*

IT IS ORDERED AND DECREED that the husband, JOHN JEFFREY McCAFFERTY, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the wife and her property harmless from any failure to so discharge, these items:

H-1. The balance due, including principal, interest, tax, and insurance escrow, on the promissory note executed by JOHN JEFFREY McCAFFERTY, in the original principal sum of $775,000 dated August 25, 2003, payable to WAMU and/or assignee, and secured by deed of trust on the real property awarded in this decree to the husband, which is recorded in Deed of Trust Records of Dallas County, Texas on the property commonly known as 14327 Hughes Lane, Dallas, Texas 75254.

H-2. The balance due, including principal, interest, and all other charges, on the promissory note payable to lender and given as part of the purchase price of and secured by a lien on the motor vehicles awarded to the Husband, if any.

FINAL DECREE OF DIVORCE - Page 20

H-3. Any and all debts, charges, liabilities, and other obligations incurred solely by the husband from and after March 26, 2008, including but not limited to their respective credit cards and attorney fees, unless express provision is made in this decree to the contrary.

H-4. The following specific debts, charges, liabilities, and obligations, unless express provision is made herein to the contrary:

American Express xxx 92005 with an approximate balance of $38,439 as of 9/10/2008;
Capital One xxx 0502 with an approximate balance of $4,899
Citibank Visa xxx 0083 with an approximate balance of $22,567 as of 4/10/09;
Bank of America xxx 5491 with an approximate balance of $9,529 as of 4/10/09;
Chase Visa xxx 1887 with an approximate balance of $15,439 as of 4/10/09;
Chase Visa xxx 7579 with an approximate balance of $9626 as of 4/10/09;
Bank of America (MC)xxx 7252 with an approximate balance of $32,825 as of 4/10/09;
First Equity Visa xxx 8448 with an approximate balance of $4183 as of 4/10/09;
Chase Visa xxx 5459 with an approximate balance of $19,694 as of 4/10/09
GM Card xxx 0169 with an approximate balance of $20,20515 as of 4/10/09;
Capital One Visa xxx 8912 with an approximate balance of $2,116
Advanta (MC) xxx 8014 with an approximate balance of $18607 as of 4/10/09;
Chase Visa xxx 5159 with an approximate balance of $24,035 as of 4/10/09
Chase Visa xxx 0601 with an approximate balance of $16,895 as of 4/10/09

**\* The approximate total of the above credit card liability is $248,662.00.**

H-5. All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due including electricity, gas, water, phone, cable, sewage on the real and personal property awarded to the husband in this decree unless express provision is made in this decree to the contrary.

H-6. Any and all debts held in the individual name of the Husband unless expressly stated otherwise herein.

H-7 Any and all debts or liabilities associated with Abacus Crane and Hoist, a division of Abacus Equipment Incorporated, and Abacus Equipment Incorporated and any other corporation in Husband's name.

H-8 Any and all debts due "The J.J. McCafferty Trust" and debts due "B.J. McCafferty Trust". The Court finds JOHN JEFFREY McCAFFERTY has represented to MARY MICHELINE McCAFFERTY that the Trusts identified herein shall not demand payment of any debts until MARY MICHELINE McCAFFERTY has been paid in full her share of the community property due under this decree.

H-9 Any attorneys' fees incurred by JOHN JEFFREY McCAFFERTY;

FINAL DECREE OF DIVORCE - Page 21

H-10  Any balance due Shelton School.

H-11  Reimbursement of moving expense incurred by MARY MICHELINE McCAFFERTY on January 20, 2009. JOHN JEFFREY McCAFFERTY shall pay MARY MICHELINE McCAFFERTY within thirty days (30) of request by MARY MICHELINE McCAFFERTY.

H-12  Fifty (50%) per cent of medical, dental, optical, and counseling for the children since August 10, 2008 to the present. Any payments under this paragraph by JOHN JEFFREY McCAFFERTY to MARY MICHELINE McCAFFERTY shall be an offset against any child support due or paid during this period.

IT IS ORDERED AND DECREED that the wife, MARY MICHELINE McCAFFERTY, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the husband and his property harmless from any failure to so discharge, these items:

W-1.  The balance due, including principal, interest, and all other charges, on any credit cards in MARY MICHELINE McCAFFERTY name or any other credit cards wherein MARY MICHELINE McCAFFERTY has incurred credit card charges whether as principal party on a credit card or as secondary party to a credit card and including but not limited to the following:

a.  MasterCard Acct 5424 1806 3044 7602
b.  Visa Acct xxxx xxx xxxx 1375
c.  Visa Acct xxxx xxx xxxx 0086

W-2.  Any and all debts, charges, liabilities, and other obligations incurred solely the wife from and after March 26, 2008, including credit cards and attorney fees, unless express provision is made in this decree to the contrary.

W-3.  All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due including electricity, gas, water, phone, cable, sewage on the real and personal property awarded to the wife in this decree unless express provision is made in this decree to the contrary.

W-4.  Any and all debts held in the individual name of the wife unless expressly stated otherwise herein.

W-5  Any attorneys' fees incurred by MARY MICHELINE McCAFFERTY.

*Federal Income Taxes*

IT IS ORDERED AND DECREED for the calendar year 2008, the parties shall file a joint tax

FINAL DECREE OF DIVORCE - Page 22

return. Any deficiencies for the tax year 2008 shall be paid by JOHN JEFFREY McCAFFERTY and any refunds shall be the separate property of JOHN JEFFREY McCAFFERTY.

IT IS ORDERED AND DECREED MARY MICHELINE McCAFFERTY shall be solely responsible and hold JOHN JEFFREY McCAFFERTY harmless for any federal income taxes, penalties, and interest on any income earned attributable to MARY MICHELINE McCAFFERTY on or before December 31, 2008.

*Injunctive Relief*

The permanent mutual injunction granted below shall be effective immediately and shall be binding on JOHN JEFFREY McCAFFERTY and MARY MICHELINE McCAFFERTY on their agents, servants, employees, and attorneys; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

IT IS ORDERED AND DECREED that JOHN JEFFREY McCAFFERTY and MARY MICHELINE McCAFFERTY are permanently enjoined from:

Maligning the other parent in the auditory presence of the child, nor permit any other individual or family member from maligning the other parent in the presence of the child.

Petitioner and Respondent waive issuance and service of the writ of injunction, by stipulation or as evidenced by the signatures below. IT IS ORDERED that Petitioner and Respondent shall be deemed to be duly served with the writ of injunction.

*Tax Exemptions*

IT IS FURTHER ORDERED AND DECREED that JOHN JEFFREY McCAFFERTY shall have the right, in accordance with section 152(e) (2) of the Internal Revenue Code of 1954, as amended, to claim the dependency exemptions for the child, ALANA NICOLE McCAFFERTY, for the purposes of federal income taxes for 2009 and all subsequent years.

IT IS FURTHER ORDERED AND DECREED that MARY MICHELINE McCAFFERTY and JOHN JEFFREY McCAFFERTY shall sign any tax forms necessary to claim the child as JOHN JEFFREY McCAFFERTY's respective tax dependant including but not limited to tax form 8332.

*Court Costs*

IT IS ORDERED AND DECREED that costs of court are to be borne by the party who incurred them.

*Discovery Retention Requirement*

IT IS ORDERED AND DECREED that the parties and their respective attorneys are discharged

**FINAL DECREE OF DIVORCE - Page 23**

from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

*Decree Acknowledgment*

Petitioner, JOHN JEFFREY McCAFFERTY, and Respondent, MARY MICHELINE McCAFFERTY, each acknowledge that before signing this Final Decree of Divorce they have read this Final Decree of Divorce fully and completely, have had the opportunity to ask any questions regarding the same, and fully understand that the contents of this Final Decree of Divorce constitute a full and complete resolution of this case. Petitioner and Respondent acknowledge that they have voluntarily affixed their signatures to this Final Decree of Divorce, believing this agreement to be a just and right division of the marital debt and assets, and state that they have not signed by virtue of any coercion, any duress, or any agreement other than those specifically set forth in this Final Decree of Divorce.

*Indemnification*

Each party represents and warrants that he or she has not incurred any outstanding debt, obligation, or other liability on which the other party is or may be liable, other than those described in this decree. Each party agrees and IT IS ORDERED that if any claim, action, or proceeding is hereafter initiated seeking to hold the party not assuming a debt, an obligation, a liability, an act, or an omission of the other party liable for such debt, obligation, liability, act or omission of the other party, that other party will, at his or her sole expense, defend the party not assuming the debt, obligation, liability, act, or omission of the other party against any such claim or demand, whether or not well founded, and will indemnify the party not assuming the debt, obligation, liability, act, or omission of the other party and hold him or her harmless from all damages resulting from the claim or demand.

Damages, as used in this provision, includes any reasonable loss, cost, expense, penalty, and other damage, including without limitation attorney's fees and other costs and expenses reasonably and necessarily incurred in enforcing this indemnity.

IT IS ORDERED that the indemnifying party will reimburse the indemnified party, on demand, for any payment made by the indemnified party at any time after the entry of the divorce decree to satisfy a judgment of any court of competent jurisdiction or in accordance with a bona fide compromise or settlement of claims, demands, or actions for any damages to which this indemnity relates.

The parties agree and IT IS ORDERED that each party will give the other party prompt written notice of any litigation threatened or instituted against either party that might constitute the basis of a claim for indemnity under this decree.

*No Longer Attorney of Record*

**FINAL DECREE OF DIVORCE - Page 24**

IT IS ORDERED Attorney for Petitioner is hereby released as attorney of record after the Decree of Divorce is signed by the Court.

*Clarifying Orders*

Without affecting the finality of this Final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

*Relief Not Granted*

IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied.

*Date of Judgment*

SIGNED on _____ July 17 _____, 2009.

L. And TenEyck

Associate Judge

JUDGE PRESIDING, Dallas County Family District Courts

FINAL DECREE OF DIVORCE - Page 25

# EXHIBIT D

| MARY M. MCCAFFERTY, ALANA MCCAFFERTY and AMANDA MCCAFFERTY | ' | IN THE DISTRICT COURT |
|---|---|---|
| V. | ' | 254TH JUDICIAL DISTRICT |
| | ' | |
| JOHN JEFFREY MCCAFFERTY | ' | DALLAS COUNTY, TEXAS |

## PETITION FOR ENFORCEMENT OF PROPERTY DIVISION AND PETITION FOR BREACH OF CONTRACT

1. Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure

2. This suit is brought by Mary M McCafferty, Alana Nicole McCafferty, and Amanda McCafferty, Petitioners Respondent, John Jeffrey McCafferty, should be served with process at 14327 Hughes Lane, Dallas, Texas, or at whatever location he may be found.

3. On July 17, 2009 this Court rendered an "Agreed Final Decree of Divorce" a copy of which is attached hereto as Exhibit "A." The Decree provides in relevant part for the future action as follows: "IT IS FURTHER ORDERED AND DECREED that the property and all improvements located thereon at .14327 Hughes Lane, Dallas, Texas 75254, hereinafter "Property," shall be sold under the following terms and conditions: 1. The [sic] JOHN JEFFREY McCAFFERTY shall list the property with a duly licensed real estate broker having sales experience in the area where the property is located."

Petitioner was the Respondent and Respondent was the Petitioner in the prior proceedings.

4. Respondent has failed to comply with the decree described above as follows:

JOHN JEFFREY MCCAFFERTY to date has not listed the property at 14327 Hughes Lane, Dallas, Texas for sale.

5. Petitioner Mary M McCafferty prays that the Court order Respondent to comply with the terms of the divorce decree by a date certain or order that a receiver be appointed to sell the property in compliance with the terms of the decree.

6. Additionally, under the terms of the Decree, it was the agreement of the parties that "JOHN JEFFREY MCCAFFERTY shall pay MARY MICHELINE MCCAFFERTY four thousand dollars ($4,000.00) per month until the Property is sold or she receives her share of the community property identified herein . " Respondent has failed to pay the $4,000.00 per month as agreed and Petitioner requests enforcement of this provision.

7. JOHN JEFFREY MCCAFFERTY agreed under the Divorce Decree to pay 50% of any college room and board of the children not covered by the Texas Tomorrow Fund while attending college full time from September through May Additionally JOHN JEFFREY MCCAFFERTY agreed to pay $500 per month to each child while attending undergraduate college full time, except during the summer session. JOHN JEFFREY MCCAFFERTY has failed to pay these expenses, and Petitioners request that he be ordered to pay these funds and that Petitioners have judgment against Respondent for these expenses.

8. In the Final Decree of Divorce, the Court found that the 2005 White Volvo was Amanda McCafferty's separate property and that she should have clear title to the vehicle upon it being paid off Amanda McCafferty has never received the title to the vehicle and requests that JOHN JEFFREY MCCAFFERTY be ordered to provide proof of payment of the vehicle and that the title be provided to her

9. All conditions precedent have been performed or have occurred. Petitioners request that, if the Court finds that any part of the order sought to be enforced is not specific enough to be enforced, the Court enter a clarifying order restating the terms of the order, decree, or judgment in a manner specific enough to allow enforcement and specifying a reasonable time within which compliance will be required.

10. It was necessary to secure the services of Holly R. Monk, a licensed attorney, to enforce and protect the rights of Petitioners. Respondent should be ordered to pay reasonable attorney's fees, expenses, and costs, and a judgment should be rendered in favor of the attorney and against Respondent and be ordered paid directly to the undersigned attorney, who may enforce the judgment in the attorney's own name. Petitioner requests postjudgment interest as allowed by law.

Petitioner prays that citation and notice issue as required by law, that the Court grant the Petition for Enforcement of Property Division and Petition for Breach of Contract, for attorney's fees, expenses, costs, and interest, and for all further relief authorized by law.

Respectfully submitted,
Bailey & Galyen
4131 N. Central Expressway, Suite 860
Dallas, Texas 75204

By_____
Holly R. Monk
State Bar No. 50511583

Form #329 -- NOTICE **OF HEARING**

| | |
|---|---|
| CAUSE NO. <u>DF-08-05932</u> | SERVICE OFFICER: **ATTY** |
| | Clerk's fees $8.00 |
| STYLE | Officer's fees collected $ |
| **IN THE MATTER OF THE MARRIAGE OF** | Officer's fees not collected **$XXX** |
| **JOHN MCCAFFERTY** | Costs not complied with $ |
| **vs.** | Affidavit Inability to Pay $ |
| **MARY MCCAFFERTY** | |

## THE STATE OF TEXAS

TO: **JOHN JEFFREY MCCAFFERTY**

<u>**YOU ARE HEREBY NOTIFIED OF A HEARING SET FOR SEPTEMBER 30, 2013 AT 9:30AM IN THE 254th District Court LOCATED AT 600 COMMERCE STREET DALLAS TEXAS 75202 SEE ATTACHED**</u>

HEREIN FAIL NOT, but of this writ make due return showing how you have executed the same.
WITNESS:     GARY FITZSIMMONS, Clerk of the District Courts, Dallas County, Texas.
GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in the City of Dallas, **ON THIS THE 25TH DAY OF JULY, 2013**

Issued at request of:                                      ATTEST:     GARY FITZSIMMONS
**HOLLY R MONK**                                      Clerk of the District Courts
**4131 N CENTRAL EXPRESSWAY SUITE 860** TEX, Dallas County, Texas
**DALLAS TEXAS 75204**

_____, Deputy
                                                                    **SACHEEN ANTHONY**

---

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 20 ____, at _____ o'clock ____ M.,
and executed on the _____ day of _____, 20 ____, at _____ o'clock ____ M.,
delivering to _____ the within named _____
_____, in person, a true copy of this Notice

FEES:
Serving Notice:    $_____          Officer_____County_____
Mileage:    $_____
TOTAL:    $_____          By:_____
Deputy

**EXHIBIT E**

FILED
DALLAS COUNTY
9/17/2015 3:19:30 PM
FELICIA PITRE
DISTRICT CLERK

Jeffery White

## CAUSE NO. 08-05932

| | | |
|---|---|---|
| MARY M. MCCAFFERTY | § | IN THE DISTRICT COURT |
| ALANA MCCAFFERTY, AND | § | |
| AMANDA MCCAFFERTY | § | |
| | § | |
| V. | § | 254th JUDICIAL DISTRICT |
| | § | |
| JOHN JEFFREY MCCAFFERTY | § | DALLAS COUNTY, TEXAS |

## SECOND AMENDED PETITION FOR ENFORCEMENT OF PROPERTY DIVISION AND PETITION FOR BREACH OF CONTRACT AND FOR ENFORCEMENT OF INTERIM ORDER ON PETITION FOR ENFORCEMENT

*Discovery*

Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

*Parties*

This suit is brought by Mary M. McCafferty, Alana McCafferty, and Amanda McCafferty, Petitioners. The last three numbers of Petitioner's driver's license number are 943. The last three numbers of Petitioner's Social Security number are 228.

Respondent, John Jeffrey McCafferty, should be served with process in accordance with Texas Rule of Civil Procedure 21a by serving Counter-Respondent's attorney of record, Frank Shor, Law Offices of Frank Shor, 1620 East Belt Line Road, Carrollton, Texas 75006.

*Enforcement*

Agreed Final Decree of Divorce

On July 17, 2009, this Court rendered an Agreed Final Decree of Divorce providing in relevant part as follows:

SECOND AMENDED PETITION FOR ENFORCEMENT OF PROPERTY DIVISION AND PETITION FOR
BREACH OF CONTRACT AND FOR ENFORCEMENT OF INTERIM ORDER ON PETITION FOR
ENFORCEMENT
PAGE 1

"The Court finds Amanda Lauren McCafferty shall own as her separate property and shall have clear title to the 2005 White Volvo VIN# YVIC7911551145741 upon the Volvo being paid off.

"Additionally, John Jeffrey McCafferty and Mary Micheline McCafferty hereby agree to pay 50 % each for any room and board of the children, not covered by the Texas Tomorrow Fund, while attending undergraduate college full time from September through May. IT IS AGREED the cost for room and board shall not exceed on-campus dormitory room and board cost.

"While the children are attending undergraduate college full time, John Jeffrey McCafferty and Mary Micheline McCafferty hereby agree to pay 50% each for the children's health insurance

"Additionally, John Jeffrey McCafferty hereby agrees to pay $500 per month to each child, while attending undergraduate college full time, except during the summer session. IT IS AGREED by the parties the children shall pay for their car insurance from the $500 per month

"IT IS ORDERED AND DECREED that the husband, John Jeffrey McCafferty, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the wife and her property harmless from any failure to so discharge, these items:

"H-12 Fifty (50%) percent of medical, dental, optical, and counseling for the children since August 10, 2008 to the present. Any payments under this paragraph by John Jeffrey McCafferty to Mary Micheline McCafferty shall be an offset against any child support due or paid during this period."

Respondent has failed to comply with the terms of the Agreed Final Decree of Divorce as

follows:

1. Respondent has failed to pay the college expenses for room and board as agreed to in the Agreed Final Decree of Divorce. Petitioner respectfully requests that Respondent be ordered to pay these funds and that Petitioners be awarded a judgment against Respondent for these expenses

2. Respondent has failed to pay for his portion of the children's health insurance premiums as agreed to in the Agreed Final Decree of Divorce. Petitioner respectfully requests that Respondent be ordered to pay these funds and that Petitioners be awarded a judgment against Respondent for these expenses.

3. Respondent failed to pay $500 per month to each child while the children were in college as agreed to in the Agreed Final Decree of Divorce. Respondent respectfully requests that Respondent be ordered to pay these funds and that Petitioners be awarded a judgment against Respondent.

4. Respondent has failed to pay fifty percent of medical, dental, optical, and counseling for the children from August 10, 2008 through the entry of the Agreed Final Decree of Divorce. Petitioner respectfully requests that Respondent be ordered to pay these funds and that Petitioners be awarded a judgment against Respondent for these expenses.

5. Respondent has failed to provide Amanda McCafferty with the title to the vehicle. Petitioner requests that Respondent be ordered to provide proof of payment of the vehicle and that the title be provided to Amanda McCafferty by a date and time certain.

Interim Order on Petition for Enforcement

On December 18, 2013, this Court rendered an Interim Order on Petition for Enforcement

providing in relevant part as follows:

"2. After the date the house is listed for sale, John Jeffery McCafferty will wire transfer or direct deposit the sum of $6,000.00 per month on the 15th day of each month to Mary M. McCafferty.

"4. If John McCafferty fails to deposit or wire the money in the amounts or on the dates listed above, upon proof provided to his attorney and to the Court, a receiver will immediately be appointed to list the house at 14327 Hughes Lane, Dallas, Texas for sale. No further court hearings will be necessary to appoint the receiver. Provided that evidence has been provided to John Jeffrey McCafferty's counsel that John Jeffrey McCafferty has failed to deposit or wire the money in the amounts and/or on the dates listed hereinabove, then, in the event, Mary McCafferty's attorney will be fully authorized by this Order to present an Order Appointing Receiver to the Court for signature without further notice to or agreement by John Jeffrey McCafferty or by counsel for John Jeffrey McCafferty."

Respondent has failed to comply with the terms of the Interim Order on Petition for

Enforcement as follows:

1. Respondent has failed to pay Petitioner the $6,000.00 per month as ordered by the Court for the months of May, June, and July 2015. Respondent respectfully requests that the Court order Respondent to pay the funds owed to Petitioner by a date and time certain. In addition, Petitioner respectfully requests that the Court appoint a receiver to facilitate the sale of the 14327 Hughes Lane residence.

Petitioner was the petitioner and Respondent was the respondent in the prior proceedings.

*Breach of Contract*

Respondent, without just excuse, has demonstrated a clear, present, and unconditional intention not to pay Petitioner the funds due to her pursuant to the terms of the Agreed Final Decree of Divorce. As a result of this anticipatory breach of contract, Petitioner was forced to cash out a life insurance policy in Petitioner's name and incur credit card debt and accrued interest on such debt due to delays in Respondent's monthly payments to Petitioner. Petitioner seeks to recover consequential damages she was subjected to as a result of Respondent's breach of contract.

*Clarification*

Petitioner requests that, if the Court finds that any part of the orders sought to be enforced is not specific enough to be enforced, the Court enter a clarifying order restating the terms of the order, decree, or judgment in a manner specific enough to allow enforcement and specifying a reasonable time within which compliance will be required.

*Attorney's Fees*

It was necessary for Petitioner to secure the services of Reagan K. Vernon and KoonsFuller, P.C., licensed attorneys, to enforce and protect the rights of Petitioner. Respondent should be ordered to pay reasonable attorney's fees, expenses, and costs, and a judgment should be rendered in favor of the attorney and against Respondent and be ordered paid directly to the undersigned

attorney, who may enforce the judgment in the attorney's own name. Petitioner requests postjudgment interest as allowed by law.

*Prayer*

Petitioner prays that citation and notice issue as required by law, that the Court grant the Petition for Enforcement of Property Division and Petition for Breach of Contract and for Enforcement of Interim Order on Petition for Enforcement, for attorney's fees, expenses, costs, and interest, and for all further relief authorized by law.

Respectfully submitted,

KoonsFuller, P.C.
1717 McKinney Avenue
Suite 1500
Dallas, Texas 75202
Tel:  (214) 871 2727
Fax:  (214) 871 0196

By:_____
Reagan K. Vernon
State Bar No. 24081192
reagan@koonsfuller.com
Attorney for Petitioner

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on September ____, 2015.

_____
Reagan K. Vernon
Attorney for Petitioner

# EXHIBIT F

FILED
DALLAS COUNTY
10/1/2015 4:35:22 PM
FELICIA PITRE
DISTRICT CLERK
Adrenna James

## CAUSE NO. 08-05932-R

| | | |
|---|---|---|
| MARY M. MCCAFFERTY, | § | IN THE DISTRICT COURT |
| ALANA MCCAFFERTY and | § | |
| AMANDA MCCAFFERTY | § | |
| | § | |
| V. | § | 254th DISTRICT COURT OF |
| | § | |
| JOHN JEFFREY MCCAFFERTY | § | DALLAS COUNTY, TEXAS |

## RESPONSE TO (ANTICIPATED) APPLICATION FOR RECEIVER

## TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Respondent/Counter-Petitioner, JOHN JEFFREY MCCAFFERTY ,

hereinafter referred to herein as Respondent, and files this his Response to (Anticipated)

Application for Receiver, and for same would respectfully show the Court as follows:

### I.

It is anticipated that Petitioner, Mary M. McCafferty is going to present an Application

for the appointment of a receiver in this matter. Presumably this will be based upon the

instrument signed by the Court on December 18, 2013 (entitled "Interim Order on Petition for

Enforcement")

### II.

Respondent would show the Court that the appointment of a receiver here would be

violative of law. In this regard, Respondent would show the following:

A) The Divorce Decree in this case provides in pertinent part as follows:

"*Marital Residence*

*IT IS FURTHER ORDERED AND DECREED that the property and all improvements located thereon at lot 40 block 1/8175, Williamsburg At Preston An Addition to the City of Dallas According to the Plat thereof recorded in Volume 78090 Page 1397, Map Records of Dallas County, Texas, and more commonly known as 14327 Hughes Lane Dallas, Texas 75254, hereinafter "Property" shall be sold under the following terms and conditions.*

**Response to (Anticipated) Application for Receiver - Page 1**

1. The JOHN JEFFREY McCAFFERTY shall list the property with a duly licensed real estate broker having sales experience in the area where the property is located.

2. The property shall be sold for a price as determined by JOHN JEFFREY McCAFFERTY. MARY MICHELINE McCAFFERTY shall receive $509,000.00 as her share of the community property. To ensure compliance of the monies due MARY MICHELINE McCAFFERTY, title to the Property shall not transfer until such time as MARY MICHELINE McCAFFERTY has received her community property due or contemporaneous with a closing of the Property. IT IS ORDERED MARY MICHELINE McCAFFERTY shall remove her name from the title to the Property upon receipt of her community property due. IT IS ORDERED MARY MICHELINE McCAFFERTY shall sign a Special Warranty Deed removing her name from title to the Property contemporaneous with the receipt of her share of the community property described herein.

3. JOHN JEFFREY McCAFFERTY shall continue to make all payments of principal, interest, taxes and insurance on the property during the pendency of the sale and JOHN JEFFREY McCAFFERTY shall have the exclusive right to enjoy the use and possession of the premises until closing. All maintenance and minor repairs necessary to keep the property in its present condition shall be paid by JOHN JEFFREY McCAFFERTY.

4. The net sales proceeds (defined as the gross sales price less cost of sale and full payment of any mortgage indebtedness or liens on the property) shall be distributed as follows:

   a. $509,000.00 to MARY MICHELINE McCAFFERTY. (The parties agree the $509,000.00 is comprised (sic) of Wife's share of the community property of $434,000.00 from the equity of the marital residence, $45,000.00 to help her pay her credit cards in her name, $15,000.00 towards ALANA NICOLE McCAFFERTY's automobile and $15,000.00 towards MARY MICHELINE McCAFFERTY automobile). Notwithstanding the forgoing language, JOHN JEFFREY McCAFFERTY shall be reimbursed from the $509,000.00 due MARY MICHELINE McCAFFERTY limited to the following amounts:

      1. Monies paid Wife by Husband after divorce as an advance on her $509,000.00. The advance on the $509,000.00 shall be defined by the amount Husband pays Wife after divorce in the contemplated amount of $4,000.00 per month payable each 15th of the month. The parties hereby agree the intent of the parties is Wife have monies until she receives her share of the community property from JOHN JEFFREY McCAFFERTY; and

      2. Health insurance payments paid by Husband for Wife after divorce, and

      3. Only in the event ALANA McCAFFERTY elects to keep the black VOLVO, then $25,000.00 shall be deducted from the $509,000.00

      4. No other deductions from the $509,000.00 shall be allowed,

   b. Any balance of the net proceeds from the sale of the Property shall be paid to JOHN JEFFREY McCAFFERTY. IT IS ORDERED JOHN JEFFREY

McCAFFERTY may exercise his option to buy the Property. In the event JOHN JEFFREY McCAFFERTY exercises his right to buy the Property, MARY MICHELINE McCAFFERTY nevertheless shall receive her share of the community property as identified in paragraph 4(a) of the paragraph titled "Marital Residence" but subject to said deductions identified therein IT IS ORDERED MARY MICHELINE McCAFFERTY shall cooperate in the refinancing or purchase of the marital residence by JOHN JEFFREY McCAFFERTY in the event he chooses to exercise the option to buy

c It is the agreement of the parties that JOHN JEFFREY McCAFFERTY shall pay MARY MICHELINE McCAFFERTY four thousand dollars ($4,000 00) per month until the Property is sold or she receives her share of the community property identified herein and such $4,000.00 per month shall be an offset against the $509,000 00 due MARY MICHELINE McCAFFERY "

B) The instrument signed by the Court on December 18, 2013 (entitled "Interim Order on Petition for Enforcement") provides as follows:

"1 John Jeffrey McCafferty will wire transfer or direct deposit into Mary M McCafferty's bank account with Capital One Bank the following sums $15,000 00 on November 12, 2013, $10,000 00 on December 15, 2013, and $10,000 00 on January 15, 2014 John Jeffrey McCafferty anticipates that the home at 15327 Hughes Lane, Dallas, Texas, will be listed for sale by February 1, 2014 Until the house is listed for sale, John Jeffrey McCafferty will continue to pay Mary M McCafferty the sum of $10,000.00 on the 15th day of each month

2 After the date the house is listed for sale, John Jeffery McCafferty will wire transfer or direct deposit the sum of $6,000 00 per month on the 15th day of each month to Mary M McCafferty The account number was provided to John Jeffrey McCafferty in a separate document and will be used by him only for the purpose of the transfer of the money and no other purpose of any kind John Jeffrey McCafferty will not share or publish the account number to anyone other than Bank personnel and solely for the purpose of the transfer of the money. John Jeffrey McCafferty will pay any and all costs associated with the transfer of the money

3. If the 15th day of any month falls on a Saturday or a Sunday, John Jeffrey McCafferty will wire or direct deposit the money into Mary M McCafferty's account on the preceding Friday

4. If John Jeffrey McCafferty fails to deposit or wire the money in the amounts or on the dates listed above, upon proof provided to his attorney and to the Court, a receiver will immediately be appointed to list the house at 14327 Hughes Lane, Dallas, Texas for sale Nor further court hearings will be necessary to appoint the receiver Provided that evidence has been provided to John Jeffrey McCafferty's counsel that John Jeffrey McCafferty has failed to deposit or wire the money in the amounts and/or on the dates listed hereinabove, then, in that event Mary McCafferty's attorney will be fully authorized by this Order to present an Order Appointing Receiver to the Court for signature without further notice to or agreement by John Jeffrey McCafferty or by counsel for John Jeffrey

*McCafferty.*

5   *All amounts received by Mary M. McCafferty under this Interim Order are to be credited against the obligations owed by John Jeffrey McCafferty under the Decree of Divorce dated July 17, 2009. "*

C) Family Code § 9.007 provides as follows:

*"(a) A court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment An order to enforce the division is limited to an order to assist in the implementation of or to clarify the prior order and may not alter or change the substantive division of property*
*(b) An order under this section that amends, modifies, alter, or changes the actual, substantive division of property made or approved in a final decree of divorce or annulment is beyond the power of the divorce court and is unenforceable "*

As the December 18, 2013 instrument amends, modifies, alters and changes the division of property made and approved in the decree of divorce, that same is beyond the power of the divorce Court and is unenforceable

WHEREFORE PREMISES CONSIDERED, Respondent respectfully requests that the Court deny an application for the appointment of a receiver, and for such other and further relief, at law or equity general or special, to which Respondent may show himself justly entitled.

Respectfully submitted,
LAW OFFICES OF FRANK SHOR

/s/ Frank Shor
Frank Shor
State Bar No. 18294700
1620 East Belt Line Road
Carrollton, Texas 75006
(972) 242-8887 OFC
(972) 446-7976 FAX
FrankShorLawFirm@gmail.com

ATTORNEY FOR
JOHN JEFFREY MCCAFFERTY

## Certificate of Service

This is to certify that a true and correct copy of the above and foregoing was forwarded via e-file to Ms. Reagan Vernon, attorney for Petitioner/Counter-Respondent, at 1717 McKinney Avenue, Suite 1500, Dallas, Texas 75202, on this the _1st_ day of October, 2015.

_/s/ Frank Shor_
Frank Shor

# EXHIBIT G

FILED
DALLAS COUNTY
10/9/2015 1:09:02 PM
FELICIA PITRE
DISTRICT CLERK

Paul Eagle

CAUSE NO. 08-05932-R

| | | |
|---|---|---|
| MARY M. MCCAFFERTY, | § | IN THE DISTRICT COURT |
| ALANA MCCAFFERTY and | § | |
| AMANDA MCCAFFERTY | § | |
| | § | |
| V. | § | 254th DISTRICT COURT OF |
| | § | |
| JOHN JEFFREY MCCAFFERTY | § | DALLAS COUNTY, TEXAS |

## PLEA TO THE JURISDICTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Respondent/Counter-Petitioner, JOHN JEFFREY McCAFFERTY, hereinafter referred to herein as "Movant", and files this his Plea to the Jurisdiction and for same would respectfully show the Court as follows:

### I.

Ostensibly, Petitioner, Mary McCafferty, is requesting the Court to appoint a Receiver for purposes of facilitating the sale of a piece of real estate owned jointly by Petitioner, Mary McCafferty and Movant.

### II.

It is further presumed that Petitioner, Mary McCafferty's request (for the application of the appointment of a Receiver) is predicated upon the instrument entitled "Interim Order on Petition for Enforcement" and dated December 18, 2013

### III.

It will be shown to the Court that the terms of that instrument amends, modifies, alters or changes the terms of the Movant and Petitioner, Mary McCafferty's Divorce Decree.

---

Plea to the Jurisdiction                                                                          Page 1

**IV.**

As a result thereof, the instrument entitled "Interim Order on Petition for Enforcement: is unenforceable. Therefore, the Court lacks jurisdiction to grant the relief requested in Petitioner, Mary McCafferty's application for the appointment of a Receiver.

WHEREFORE PREMISES CONSIDERED, Movant prays that the Court deny Petitioner, Mary McCafferty's application for the appointment of a Receiver and grant Movant such other and further relief, at law or in equity, general or special, to which Movant may show himself justly entitled.

Respectfully submitted,
LAW OFFICES OF FRANK SHOR

/s/ Frank Shor
Frank Shor
State Bar No 18294700
1620 East Belt Line Road
Carrollton, Texas 75006
(972) 242-8887 OFC
(972) 446-7976 FAX
FrankShorLawFirm@gmail.com

ATTORNEY FOR JEFF McCAFFERTY

**Certificate of Service**

This is to certify that a true and correct copy of the above and foregoing was forwarded via e-file to Ms Reagan Vernon, attorney for Petitioner/Counter-Respondent, at 1717 McKinney Avenue, Suite 1500, Dallas, Texas 75202, on this the 9th day of October, 2015.

/s/ Frank Shor
Frank Shor

# EXHIBIT H

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME
TRIAL COURT CAUSE NO. DF-08-05932

MARY MCCAFFERTY, ET AL ) IN THE JUDICIAL
 )
vs. ) DISTRICT COURT NO. 254
 )
JOHN JEFFREY MCCAFFERTY ) DALLAS COUNTY, TEXAS

---

STATEMENT OF FACTS

MOTION TO APPOINT RECEIVER

---

On the 15th day of October, 2015, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable Susan Rankin, Judge Presiding, held in Dallas, Dallas County, Texas.

Proceedings reported by computerized stenotype machine.

A P P E A R A N C E S

MS. REAGAN VERNON
SBOT NO. 24081192
KoonsFuller, P.C.
1717 McKinney Avenue
Suite 1500
Dallas, Texas 75202
(214) 871 - 2727
FOR THE PETITIONER


MR. FRANK SHOR
SBOT NO. 18294700
Law Offices of Frank Shor
1620 E. Belt Line Road
Carrollton, Texas 75006
(214) 242 - 8887
FOR THE RESPONDENT/ COUNTER PETITIONER

CHRONOLOGICAL INDEX
VOLUME 1 OF 1 VOLUME
MOTION TO APPOINT RECEIVER
October 15, 2015

|  | Page | Vol. |
|---|---|---|
| Argument by Ms. Vernon ....................... | 5 | 1 |
| Argument by Mr. Shor ......................... | 8 | 1 |
| Response by Ms. Vernon ....................... | 10 | 1 |
| Response by Mr. Shor ......................... | 12 | 1 |
| Court's Ruling .............................. | 14 | 1 |

PETITIONER'S WITNESSES

| REAGAN VERNON | Direct | Cross | VD |  | Vol. |
|---|---|---|---|---|---|
|  | 14 | -- | -- |  | 1 |

|  | Page | Vol. |
|---|---|---|
| Court's Ruling on Attorney's Fees ........... | 15 | 1 |
| Petitioner Rests and Closes ................. | 16 | 1 |
| Argument by Mr. Shor ........................ | 17 | 1 |
| Argument by Ms. Vernon ...................... | 18 | 1 |
| Court's Ruling ............................. | 19 | 1 |
| Court Reporter's Certificate................. | 22 | 1 |

ALPHABETICAL WITNESS INDEX

| REAGAN VERNON | Direct | Cross | VD |  | Vol. |
|---|---|---|---|---|---|
|  | 14 | -- | -- |  | 1 |

P R O C E E D I N G S

(October 15, 2015; 8:04 a.m.)

THE COURT: Okay. We're here on the -- the issue regarding the receivership, correct?

MS. VERNON: Yes, your Honor.

THE COURT: Okay. So that would be -- let's just go ahead and announce -- for the record, counsel.

MR. SHOR: Judge, I'm Frank Shor here on behalf of respondent/counter petitioner John Jeffrey McCafferty.

And, Judge, if I can just ask for a little more precision. I believe it's an application for receiver predicated upon an instrument labeled "Interim Order" that was signed in December of 2013. That's what I understand we're here on today.

THE COURT: Counsel, your appearance for the record and then a comment.

MS. VERNON: Reagan Vernon here on behalf of Mary McCafferty, the petitioner in this case. And, yes, it's my understanding that this hearing is to determine the enforceability of that interim order.

THE COURT: Are you in agreement with the way that was phrased, Mr. Shor?

MR. SHOR: Yes, your Honor.

THE COURT: Okay. Go ahead and proceed. I'm going to call you Reagan.

MS. VERNON: That's fine, your Honor.

THE COURT: Go ahead.

MS. VERNON: Your Honor, the interim order in question is enforceable because this is an agreed order. It was agreed to by the parties. It specifically says in the order "the parties agree and it is ordered."

And unless the provisions that are applicable to my appearance here today, which is to get a receivership over the house, the parties agree to modify their decree and they outline those modifications in that order.

They both signed the decree, they're both represented by counsel, and their counsel signed that order. The allegations that it is unenforceable or that it's void based on 9.007 of the Family Code is wholly unapplicable in this case because that's based on if the Court modifies or does more to change the provisions in a party's decree, then, yeah, it would be void if it really was a substantial modification that the Court ordered.

But in this case, I don't even believe that even if the Court had patently ordered what was in the interim order that it would be void under that section.

But, nevertheless, they agreed to it. And so that 9.007 discusses that the Court can't make those modifications, but here we have an agreement by the parties, an agreement by Mr. McCafferty to make certain payments.

He has failed to make payments, not only under the decree which gave rise to this action, but also under these interim orders. And as a result, the punishment is coming down.

You don't make the payments, I'm permitted to come down here without the necessity of the hearing, which is what we're doing here today because he's trying to fight this agreement he made and the modifications he made to the decree for me to come down here and get a receivership if he misses these payments. And so under that agreement, I'm allowed to come down here and present you with an order.

And that's the end of it, so that my client doesn't have to continue to incure fees to come and enforce orders that we knew he would end up violating, which is why we have those provisions in that order that allows me to come down here without the necessity of a hearing, without the necessity of a motion, to just have an order appointing a receiver.

And that was agreed to by his client. And now that he's missing payments, he's coming here to

complaint to you, Judge, saying, "No, the order is void. It's unlawful modification." But no, no, no, no, you agreed to this. And this is an agreement made two years ago, and this is the first time we're hearing him complain today.

And now my client is incurring fees, which I'm requesting here today, your Honor.

THE COURT: Do you have an extra copy of the order that you're going to enforce, Counsel?

MS. VERNON: Yes, your Honor, I do. I also have a brief that I can provide you because I think it was e-filed today. And so I'm sure it's not on your system yet.

THE COURT: You were up early if you e-filed it today.

MS. VERNON: I know you probably have that order, too.

May I approach, your Honor?

THE COURT: Yes, please. Thank you.

MS. VERNON: Here's the -- here's the brief.

THE COURT: Thank you.

MS. VERNON: And, Judge, the brief just goes into more detail on what I just argued today, provides the case law; but if you'd like me to go further

into why 9.007 doesn't apply, regardless if there was an agreement or not, I just went ahead and briefed that issue for you as well.

THE COURT: Okay. Thank you.

Mr. Shor, your response.

MR. SHOR: May I please the Court.

Judge, we filed a plea to the jurisdiction on October 9th, 2015. The basis of that plea to the jurisdiction is certainly 9.007 of the Family Code that says, in essence, an order that alters, amends, modifies the terms of a property division in a divorce decree is unenforceable.

There are no ifs, ands, buts, or howevers. Following the language, the order is unenforceable. There hasn't been any pleading from the petitioner subsequent to the pleading of the jurisdiction. And the case law is that one of the ways to raise that which 9.007 provides is by a plea to the jurisdiction that the Court does have the power to enforce an order that alters, amends, or modifies property division in the divorce decree.

And you raise that by a plea to the jurisdiction. We haven't heard anything from Ms. Vernon as to how this Court has jurisdiction to do that which she is requesting the Court to do based upon the document labeled "Interim Order".

And I think the Court understands this. But if the risk of being overly anal -- she's not requesting a receiver at this time based on the terms of the divorce decree. It's merely predicated on the interim order. Claxton versus Lake Fork Water Control, 220 S.W. 3d 537 tells us that a party cannot confer or waive jurisdiction by consent or agreement.

And, by the way, I applaud counsel. We -- we exchanged, last evening, the primary cases that each of us were going to be relying upon in presenting our positions to the Court this morning. So I believe that Ms. Vernon was aware that I'd be citing this case this morning.

And so jurisdiction is not something that parties can confer. And so when this instrument entitled "Interim Order, Petition for Enforcement" is agreed to by Mr. McCafferty, he doesn't confer any more jurisdiction in this court than the Court already had. I don't want to be so naive as to suggest that perhaps there are some remedies that are available to the petitioner based upon this interim order.

Arguably, there's an accordance satisfaction claim, which hasn't been pled. Laches has not been pled as a-- as a defense to the plea to the jurisdiction even though I don't believe that laches would

apply because you can't confer jurisdiction merely by an action, except subject manner jurisdiction where if you're served and you don't answer, if you had this subject matter jurisdiction by defaulting, you'd waive that.

We don't have that situation here. And so we have a situation where there's an order. It certainly alters, amends, or modifies the decree. And we know that in two ways. First, the terms of this interim order call for increased monthly payments versus the monthly payments in the divorce decree. So we know that one way.

The second way we know that is because this is the instrument she's relying upon and not the divorce decree for the liens being sought today. And so, we can talk about this ad nauseam. I want to be sensitive to Court's time and everybody's time.

The Court doesn't have jurisdiction to do what -- what Petitioner wants based upon this order.

THE COURT: Thank you, Mr. Shor.

Response, Ms. Vernon.

MS. VERNON: Judge, this isn't a jurisdictional question. The judge -- well, the Court always has the ability to enforce its orders and enforce agreements -- property settlement agreements in a divorce decree. This is an interim order that the parties agreed to.

The judge is -- absolutely has a jurisdiction to enforce that agreement just as if it appeared in the divorce decree. By a virtue of that argument, that would mean every time we're in an enforcement case and the parties settle and have a settlement agreement, one of the parties could say, you know, "Oh. No, Judge, you never had jurisdiction because, you know, we agreed to a modification of our property settlement agreement, and you don't have jurisdiction anymore to enforce that agreement.

It would just make -- it makes no sense and it's illogical. Secondarily, his argument kind of goes into the weeds a little bit about whether or not the interim order is in violation of the 9.007. We don't even get there, Judge, because they -- parties agreed to modify the property settlement agreement.

And so it's not the Court, which is, you know, the Court that's actually modifying the decree. But, alternatively, even if that were the case, let's say they never agreed to it and a judge just rendered this interim order. It's still enforceable because it's not a substantive modification.

It's simply a clarification to enforce a property settlement agreement and money that she is due and owed and he is in violation of paying her for it. And

that's -- that's kind of what I delve into the secondary part of my brief is that it's not a -- the judge is always welcome to change the method and manner of how somebody receives a property settlement agreement.

They can make it -- and the judge well knows that you can order a receivership to enforce whatever settlement that my client is due under the decree on its own. I mean, we can come in here and do that which is what was done two years ago and agreed to by the parties along with other provisions that if he failed to make some payments, that I could come down here without the necessity of a hearing again.

And if the judge would like to hear my testimony as to attorney's fees, I'm happy to do so and prepared to do so because under that agreement, I was not -- under that agreement, I did not have to come down here and not only defend the agreement but also have a hearing on the appointment of a receivership.

It was supposed to be automatic, and I would just present an order to the Court which would save my client fees in this case. Thank you.

MR. SHOR: Now, may I brief at one point, your Honor?

THE COURT: You may.

MR. SHOR: I'm not arguing that this Court

under no circumstances has the authority to appoint a receiver. I'm not arguing that. I'm arguing that the Court doesn't have the jurisdiction to order a receiver based upon this interim order.

Counsel suggested that the interim order is merely a clarification. If it's merely a clarification, I would agree that that's not an order that would amend, modify, or alter the division of property.

But she's not relying upon the decree. She's relying upon the interim order. If the Court examined the interim order, it calls for monthly payments to be increased either to 6,000 per month or 10,000 per month versus 4,000 per month in the decree.

I find it hard to understand how those increased payments don't alter, amend, or modify the property division. It gets her her money quicker. That amends, alters, or modifies the decree. And so, Judge, once again, there are contractural remedies that may be available to the petitioner.

But asking the Court to order a receiver based on the interim order lies on the face of 9.007.

THE COURT: Okay. Thank you. We will be in recess for about ten minutes while I read the brief.

(Off the record; 8:19-8:29)

THE COURT: Thank you. Please be seated.

After reading the plea to the jurisdiction and respondent's brief and 9.007 and the interim order, the Court finds that the Court does have jurisdiction to enforce the agreement of the parties as found in the interim order on petition for enforcement and orders the appointment of the receiver.

Do you have an order, Ms. Vernon?

MS. VERNON: I do. And also my testimony on attorney's fees if the Court is --

MR. SHOR: I'll waive the oath, your Honor.

THE COURT: Okay. Thank you. Go ahead and testify.

MS. VERNON: Okay. My name is Reagan Vernon. I'm an attorney licensed to practice in the State of Texas. My billing rate as specified by my fee contract with my client is $250 per hour. My paralegal's billing rate is $140.

I'm familiar with the fair and reasonable, usual and customary fees charged by family lawyers in Dallas County, Texas. It is my opinion that the attorney's fees incurred by my client pertained to this lawsuit have been reasonable and necessary and reflect the usual and customary fees charged for the same or similar matters.

I've spent a total of six hours in

preparing for this hearing, including an hour that allocated to the attendance of this hearing and attending the last conference, doing -- conducting legal research, drafting the brief for the Court in response to the attempt to invalidate the interim order, conducting conferences with my client, assigning tasks to my paralegal, who has spent 30 minutes in assisting me.

Attorney fees and costs for my client that are attributable for preparing and attending this hearing totals $1,570. My client would've never incurred $1,570 but for Mr. McCafferty's attempt to get this Court to overturn the interim order that specifically states that I didn't have to come down for a hearing on this issue.

It's my opinion that the $1,570 in fees and costs have both been reasonable and necessary in representing my client in this matter and that such fees to be paid by Mr. McCafferty are in conformity with the Texas Rules of Civil Procedure and the Texas Family Code.

THE COURT: Pass yourself?

MS. VERNON: Pass myself.

MR. SHOR: I have no questions, your Honor.

MS. VERNON: And may approach with the orders, your Honor?

THE COURT: You may.

The Court grants attorney's fees of $1,570

finding it reasonable and necessary under these circumstances.

MS. VERNON: Your Honor, I'm presenting two orders. One, I left blank in case your Honor wanted to choose the receiver. The other, I chose a realtor in the Dallas County area for where this house is located. So -- and Fred Adams told me that you appointed somebody the other day that you really liked, and so I just brought two different --

THE COURT: Do you have an opinion in regards to who the receiver would be, Mr. Shor?

MR. SHOR: Well, I may, your Honor. I'm presuming that the petitioner has rested and closed on this motion.

THE COURT: Yes.

MS. VERNON: Yes, your Honor.

THE COURT: Well, I don't know if rest and close regarding the motions but, yes, sir. Go ahead.

MR. SHOR: Is that correct?

MS. VERNON: Yes.

MR. SHOR: Well, if that's correct, your Honor -- this may seem like sharp practice, but this is what my legal training tells me to say. The only evidence that's before the Court is that Ms. Vernon has testified as to attorney's fees.

There's no evidence before the Court that that which is required in the interim order -- and by the way, I don't mean to waive my prior argument that the Court can't enforce it. The Court understands my argument. But if that order is enforceable, there is still a predicate that has to occur for the receiver to be appointed under that order, and that hasn't been proven.

THE COURT: Mr. Shor, I know exactly what you're talking about; but in my opinion, you waived that argument when we started this proceeding because you never stated that your client wasn't behind.

MR. SHOR: I don't believe the burden of proof is on me, Judge, to prove their -- the matters that they need to prove. Now, we do have a trial setting November 12th. So --

THE COURT: On other issues?

MR. SHOR: On the merits of this case.

THE COURT: Okay. I'm still on the appointment of the receiver. I understand your argument but I'm overruling the objection.

MR. SHOR: Well, Judge, if -- if you want to hear from me regarding either of these proposed orders, they call for the parties to sign any real estate listing agreement. That could compel these parties to sign a lease agreement that calls for property to be sold for

$1.

And I -- I don't think that that's what the petitioner wants. It's certainly not what the respondent wants. And the property is listed for about $1.399 million right now. Hasn't sold. But that's what it's listed for. But this doesn't set a base as to what it can be sold for, and I suggest that either one of these orders could cause a-- a forfeiture for these people.

MS. VERNON: The realtors owe their clients fiduciary duties. And they have an interest in selling the house for as much as they can because they get a percentage off of that. And that's where their fees will come out for being a receiver.

THE COURT: I understand that but the phrase that Mr. Shor specifically is pointing out is signing any real estate listing agreement can leave these parties wide open to a lot of problems, to put it lightly.

MS. VERNON: I mean, I'm happy to write in that they -- if it's currently listed, you know -- I mean, it's been listed three times now. So I'm sure that the contract that currently exists, and if it's truly at 1.3, then that's fine. We can sign a listing agreement that is listed for 1.399 if that's what it is.

I mean, he already agreed to it.

MR. SHOR: That's correct.

THE COURT: Is that agreeable to you Mr. Shor, 1.399?

MR. SHOR: Judge, that's a much better term to have in this order than -- when you say it's agreeable to me, I'm opposing this order.

THE COURT: Well, under duress.

MR. SHOR: I'm opposing the Court from signing this order. But that at least addresses the possibility of there being a forfeiture here.

THE COURT: Why are you asking for the appointment of two receivers?

MS. VERNON: They work together and they're part of their own realtor group. It's just going to be --

THE COURT: Do they share the fee or do they ask for more fees?

MS. VERNON: They're -- it's just going to be the one. I think I should've put "or," I suppose. I haven't spoken to all three. In terms of just -- I just suggested those people because they've done it before for our firm in the past and work well in this area; but they all work well together. So I suppose I should say "or."

It's just that they're found as good receivers -- qualified receivers but not to be appointed together.

THE COURT: Okay. I've modified the order

to state that it's Eve Sullivan or Shelly Tillery. Then I have stated that they will sign a real estate listing agreement that lists the property initially at 1.399 million. And I have ordered to attorney's fees to be paid on or before 11/1/15 at Mrs. McCafferty's residence.

And I've taken out the last line that said they may enforce by contempt if the parties do not cooperate.

MR. SHOR: Judge, there's another phrase that I think needs a little bit of massaging.

THE COURT: What is that?

MR. SHOR: The paragraph second from the bottom. It is further ordered that Eve Sullivan or Shelly Tillery -- I'm saying "or" because I think the Court --

THE COURT: Correct.

MR. SHOR: -- are authorized to manage, control, and dispose of the property as they see fit in their sole discretion. I think it should be something like in accordance with the listing agreement or some qualifier.

MS. VERNON: That's fine with me, Judge. Another point: Mr. McCafferty does not know where my client resides because there was -- back when they were

interacting.

THE COURT: Okay. So where do we want this sent, then?

MS. VERNON: It can be just sent back to my office.

THE COURT: Okay. I've made the adjustments that we've stated. I'm going to make a copy for you-all.

(Proceeding ended; 8:42 a.m.)

STATE OF TEXAS

COUNTY OF DALLAS

I, Janet Saavedra, Official Court Reporter in and for the 254th Judicial District Court of Dallas County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties. I further certify that the total cost for the preparation of this Reporter's Record is $176 and was paid by Mr. Frank Shor, attorney for the Respondent/ Counter Petitioner.

WITNESS MY OFFICIAL HAND this the 30th day of October, 2015.

_____
Janet Saavedra, Texas CSR #9160
Expiration Date: 12/31/2017
Official Court Reporter
254th Judicial District Court
Dallas, Texas 75202
Telephone: 214)653 - 6602